PHILIP M. MILLER  (SBN 87877)
KRISTEN McCULLOCH (SBN 177558)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, California   94105
Telephone: (415) 882-7900
Facsimile:  (415) 882-9287
email: pmiller@sjlawcorp.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (OAKLAND DIVISION)

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee,<br><br>     Plaintiffs,<br><br>  v.<br><br>ADVANCE BUILDING MAINTENANCE, a California corporation,<br><br>     Defendant. | CASE NO. _____<br><br>COMPLAINT |

## PARTIES

1.     Plaintiff California Service Employees Health & Welfare Trust Fund ("the Trust") is a multiemployer joint labor-management welfare fund established pursuant to Section 302(c) of the Labor Management Relations Act (29 U.S.C. Section 186(c)).  The Trust maintains an office and is administered in Alameda, California.  Its purpose is to provide health and welfare

COMPLAINT                                           - 1 -

and related benefits to the eligible employees of employers who contribute to the Trust pursuant to various collective bargaining agreements with local unions affiliated with the Service Employees International Union. Plaintiffs Mike Garcia, Charles Gilchrist, Raymond C. Nann and Larry T. Smith are Trustees of the Trust.

2. Defendant Advance Building Maintenance, a California corporation, ("Advance"), is a plant and building maintenance and janitorial services business registered to do business in the State of California. Defendant is principally engaged in the business of providing plant and building janitorial and maintenance services to its customers. The business of Defendant affects commerce within the meaning of Section 301 of the Labor Management Relations Act (29 U.S.C. Section 185).

## JURISDICTION

3. Jurisdiction exists in this Court over the claims asserted by the Plaintiffs by virtue of ERISA Section 502, 29 U.S.C. Section 1132, in that the Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices that violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4. Jurisdiction exists in this Court over all the claims by virtue of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185, in that the Plaintiffs seek to enforce the terms and conditions of collective bargaining agreements between the employer and a labor organization.

5. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 28 U.S.C. Section 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

# VENUE

6. Venue exists in this court with respect to the claims under ERISA Section 502 because Plaintiff Trust conducts its business and may be found in this district, and the breaches took place in this district.

# INTRADISTRICT ASSIGNMENT

7. The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where the Plaintiff Trust is administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to the Trust.

# APPLICABLE LAW

8. Section 515 of ERISA, 29 U.S.C. Section 1145, requires employers who are obligated to make contributions to a multiemployer plan do so in accordance with the terms of the collective bargaining agreements.

9. ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2), provides as follows:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of:
>
>     (i) interest on the unpaid contributions, or
>
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

/ / /

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

## FACTS

10. At all times relevant to this Complaint, Defendant was a party and bound by successive collective bargaining agreements ("Bargaining Agreements") covering Defendant's employees. The Bargaining Agreements require that Defendant contribute to the Trust at specified rates per month for each of its employees covered by the Bargaining Agreements.

11. As an employer participating in the Trust, the Defendant is bound by the Agreement and Declaration of Trust ("Trust Agreement") establishing the Trust, the terms of the Trust's Plan Document, and the rules, regulations and policies adopted by the Trustees under the the authority of the Trust Agreement.

12. At all relevant times, Article IV, Section 4 of the Trust Agreement required contributing employers to submit monthly remittance reports of all covered hours of service by persons covered by the Bargaining Agreements, along with contributions owed, to the Trust's principal place of business on or before the 20th day of each month after the month in which the covered work was performed. At all relevant times, under Article IV, Section 5 of the Trust Agreement, contributions received by the Trust after the 20th day of the month following the month in which the covered work was performed were deemed delinquent. At all relevant times, Article IV, Section 6(b) of the Trust Agreement provided that an employer who fails to contribute payment in full by the due date, at the agreed upon rate for each of its covered employees as required under the Bargaining Agreements, was liable to the Trust for liquidated

COMPLAINT - 4 -

damages at 5% of the amount of the unpaid contributions owed, with a minimum of $50.00 and a maximum of $800.00, for each month's unpaid contributions, as well as the amount of the unpaid contributions themselves.  If contributions were unpaid at the time suit is filed, liquidated damages were 20% of the amount of the unpaid contributions.  At all relevant times, Article IV, Section 6(c) of the Trust Agreement provided that 10% simple interest per annum shall accrue on the unpaid contributions from the due date until the contributions were paid in full and that if a lawsuit is filed, interest shall accrue at the underpayment rate of the Internal Revenue Code, Section 6621, from the date due until paid.

       13.    At all relevant times, Article IV, Section 7 of the Trust Agreement required that the Defendant, upon written notice, provide for examination by an authorized Trust representative such books and records as are necessary to determine whether Defendant had paid in full all sums owed to the Trust, to pay the above-described liquidated damages and interest on any unpaid contributions found to be due and owing, and to reimburse the Trust for costs incurred in conducting its examination of Defendant's records, all as more fully set forth in the Trust Agreement and incorporated into the Bargaining Agreements.

       14.    Under Article IV, Section 7 of the Trust Agreement, an examination of Defendant's records was performed for the period January 1, 1999 through December 31, 2002.  The examination revealed Defendant's nonpayment and underpayment of contributions due and owing the Trust during the above audit period.  In breach of the Bargaining Agreements entered into between Plaintiff Trust and Defendant by which it is bound, Defendant is liable to the Trust for delinquent contributions found due and owing, the above-described liquidated damages and interest on the unpaid contributions owed, as well as costs incurred by the Trust in conducting its audit of Defendant's records.

/ / /

COMPLAINT     - 5 -

15. In addition to the delinquent contributions revealed in the examination described in paragraph 14, above, the Trust determined that Defendant had underpaid contributions due the Trust on behalf of covered employees at two of its work sites, numbered 718 and 719, during the periods February 2000 through March 2002, and February through April 2003, respectively. Defendant is therefore in breach of the Bargaining Agreements in effect between Plaintiff Trust and Defendant during the above period, and is liable to Plaintiff Trust for payment of delinquent contributions, liquidated damages and interest.

16. In addition, during the period August 2003 through December 2003, Defendant failed to pay, in a timely manner, contributions due and owing the Trust, in breach of the Bargaining Agreement in effect during the above period. Defendant is therefore liable for liquidated damages and interest on the late paid contributions, calculated from the date the contributions became due until the date they were received by the Trust office.

17. During the period January 2004 to the present, several demands have been made upon Defendant for payment of the above-described delinquent contributions.

18. Despite the several demands, Defendant has refused and continues to refuse to pay the amounts owed.

19. Defendant is therefore liable for payment of delinquent contributions due and owing Plaintiff Trust, as well as for liquidated damages and interest as provided for under ERISA Section 502(g)(2)(A),(B) and (C), 29 U.S.C. Section 1132(g)(2)(A), (B) and (C), in an amount exceeding $100,000.

20. Plaintiffs are without adequate remedy at law and the Bargained Plans will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. Sections 1101-1381, the LMRA, 29 U.S.C. Sections 141-197, the Bargaining Agreements, and the

governing documents of the Plans referred to therein; is restrained from continuing to refuse to perform as required thereunder; and to pay all contributions, liquidated damages, interest and costs determined to be due Plaintiffs.

PRAYER

WHEREFORE, Plaintiffs pray as follows:

1. For judgment against Defendant, in favor of the Bargained Plans, in an amount equal to

(a) Any unpaid contributions due, according to proof, for hours worked by its covered employees during the period January 1999 through December 2003, under ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A), and the Bargaining Agreements.

(b) Interest on any unpaid contributions at the rates set in accordance with the Bargaining Agreements, the governing documents of the Bargained Plans, and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B).

(c) Liquidated damages in an amount equal to the greater of

(i) Interest on the unpaid contributions, or

(ii) Liquidated damages provided for under the Bargaining Agreements on the aforementioned unpaid contributions in accordance with the Bargaining Agreements, the governing documents of the Bargained Plans and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(C), 29 U.S.C. Section 1132(g)(2)(C).

(d) Reimbursement of Plaintiff Trust's expenses related to the audit of Defendant's records for the period January 1, 1999 through December 31, 2002;

(e) Liquidated damages and interest at the rates set in accordance with the Bargaining Agreements and the governing documents of the Bargained Plans for the period

August 2003 through December 2003 on contributions paid late to the Plaintiff Trust.

2. Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA Section 502(g)(2)(D), 29 U.S.C. Section 1132(g)(2)(D); reasonable attorney's fees and costs in accordance with the collective bargaining agreement for all Plans, and in accordance with LMRA Section 301, 29 U.S.C. Section 185, for all Plaintiffs.

3. For an order enjoining Defendant from violating the terms of the Bargaining Agreements and the governing documents referred to therein, from disposing of any assets until said terms have been complied with and from continuation of operation of Defendant's business until said terms have been complied with.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

SALTZMAN & JOHNSON LAW CORPORATION

Dated: May 8, 2006

/S/
By: PHILIP M. MILLER
KRISTEN McCULLOCH
Attorneys for Plaintiffs

cseht/cases/Advance/pleadings/Complaint041806.wpd

COMPLAINT                                                    - 8 -