PHILIP M. MILLER (SBN 87877)
KRISTEN McCULLOCH (SBN 177558)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
pmiller@sjlawcorp.com
kmcculloch@sjlawcorp.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee,<br><br>    Plaintiffs,<br><br>vs.<br><br>ADVANCE BUILDING MAINTENANCE,<br><br>    Defendant. | Case No.:  C 06-03078 CRB<br><br>AMENDED STIPULATION AND [PROPOSED] ORDER TO RESCHEDULE THE DATE FOR HEARING ANY DISPOSITIVE MOTION FOR SUMMARY JUDGMENT |

Plaintiff CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND ("Trust Fund") and Defendant ADVANCE BUILDING MAINTENANCE ("Defendant"), by and through their counsel of record, respectfully request the Court to reschedule the date currently set for the filing of any dispositive Motion for Summary Judgment to permit the parties further time to resolve the discovery disputes which have arisen since the time the deadline to file any Motion for Summary Judgment was originally scheduled, to allow the parties adequate time to complete the depositions previously ordered by the Court, and to allow the parties to attend a second mediation session, as ordered by the Court. In support of this stipulation and proposed order, the parties provide the following information:

/ / /

1. This is an action by the Trust Fund to collect certain claimed delinquent contributions. The Complaint was filed on May 8, 2006. Defendant filed its answer on June 26, 2006.

2. The matter was referred to mediation before Mediator Charles E. Farnsworth. An initial mediation session was held on October 27, 2006. Due to significant factual disputes, the parties agreed to continue the mediation process and informally exchange information.

3. On December 12, 2006, Plaintiffs propounded formal discovery, both a Request for Production of Documents, Set One, and Interrogatories, Set One, on Defendant.

4. On January 3, 2007, Counsel for Defendant telephoned Counsel for Plaintiffs to request an extension to respond to the discovery requests. Plaintiffs granted an extension of time to respond to February 6, 2007. Due to Defendant's counsel's trial schedule, the second mediation session was postponed.

5. Defendant served its discovery responses on February 6, 2007. Plaintiffs received Defendant's discovery responses on February 9, 2007.

6. Plaintiffs contend that Defendant's responses were incomplete.

7. On February 15, 2007, Plaintiffs' Counsel and Defendant's Counsel met and conferred concerning each of the discovery responses at such time Defendant agreed that it would review its responses and may provide supplemental responses.

8. At the Case Management Conference held on March 2, 2007, the Court ordered Defendant to make available for deposition the employees it asserts were Supervisors. The Court also issued an Order setting the hearing date on any Motion for Summary Judgment for June 29, 2007 at 10:00 a.m. and ordered the parties to attend a second mediation session prior to June 29, 2007.

9. Counsel for Defendant was in trial during all of March and part of April and, therefore, informed Plaintiffs' Counsel that he was not available for depositions until May 3 and 4, 2007.

/ / /

/ / /

10. Between February 15, 2007 and March 27, 2007, Plaintiffs' Counsel requested whether supplemental responses would be provided and was informed that supplemental responses would be provided.

11. On March 26, 2007, Defendant's Counsel notified Plaintiffs' Counsel that seven additional of the employees that Defendant asserted were Supervisors and that the Court ordered to be made available for deposition, were recently terminated due to Defendant's loss of contracts for several of its buildings. Therefore Defendant had no control over them and could not force them to appear for deposition.

12. On Tuesday March 27, 2007, Plaintiff's Counsel requested to be informed whether supplemental responses would be provided or a written statement that Defendant does not intend to provide supplemental responses. Plaintiffs also requested to be informed whether Defendant would stipulate to move the Summary Judgment hearing date.

13. On Wednesday March 28, 2007, Counsel for Defendant notified Counsel for Plaintiffs that he was waiting to receive additional information from Defendant and that once that information was received Counsel for Defendant would notify Plaintiffs' Counsel whether Defendant intended to supplement. Defendant agreed at that time to stipulate to move the Summary Judgment hearing date.

14. On Thursday March 29, 2007, Plaintiff's Counsel notified Defendant's Counsel that if supplemental responses were not provided by the end of the week that Plaintiff's Counsel would begin drafting a Motion to Compel Production of Documents and Interrogatory Responses.

15. On Friday March 30, 2007, Defendant's Counsel sent a letter to Plaintiffs stating that supplemental responses would be provided on April 16, 2007, and that Defendant believed a motion to compel was premature.

16. Plaintiffs' Counsel informed Defendant's Counsel that they could not afford any further delay and on April 11, 2007, Plaintiffs filed their Motion to Compel Production of Documents and Interrogatory Responses.

17. Magistrate Judge Bernard Zimmerman was assigned to this matter to resolve outstanding discovery issues.

1  18. On April 16, 2007, Defendant served supplemental discovery responses, which were received via overnight courier on April 17, 2007.  Defendant's supplemental responses maintained the original objections to every request, but provided additional substantive responses and additional documents.

19. On April 20, 2007, Judge Zimmerman held a telephone conference with G. Warren Bleeker, counsel for defendant, and Kristen McCulloch, Counsel for Plaintiffs, during which Judge Zimmerman gave direction and guidance to Counsel for the parties concerning the discovery in dispute.  Judge Zimmerman ordered the parties to meet and confer further and set the following dates for resolving the discovery disputes:  (1) the parties must meet and confer by April 27, 2007; (2) Plaintiffs must file any supplement its Motion to Compel Production of Documents and Interrogatory Responses by May 2, 2007; (3) Defendant must file its Opposition to Plaintiffs' Motion to Compel Production of Documents and Interrogatory Responses (including any supplement) by May 11, 2007; (4) Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Compel Production of Documents and Interrogatory Responses must be filed by May 16, 2007; (5) the Motion on Plaintiffs' Motion to Compel Production of Documents and Interrogatory Responses will be heard May 30, 2007.

20. On April 25, 2007, Defendant's Counsel and Plaintiffs' Counsel further met and conferred concerning the Production of Documents, Set One, and Interrogatories, Set One, on Advance.  During this meet and confer session, the Defendant agreed to produce further responses and produce additional documents by Monday April 20, 2007, subject to the parties agreeing to a confidentiality agreement.

21. Depositions of the employees that Defendant asserts were Supervisors who are still employed by Defendant are scheduled for May 4, 2007.

22. Plaintiffs are attempting to locate the eighteen employees who no longer work for Defendant and whom Defendants assert were Supervisors in order to interview each of them and obtain signed declarations concerning the type of work each performed during the period at issue in the Complaint.

/ / /

1  23. The outstanding discovery at issue and the deposition or interviews of the
2 employees that Defendant asserts were Supervisors all relate to the most significant issue to be
3 resolved by any dispositive Motion for Summary Judgment. In addition, the parties have been
4 ordered to attend a second mediation session prior to this hearing date.

5  WHEREFORE, Plaintiffs and Defendant jointly request the Court to issue an Order that
6 reschedules the hearing date for any dispositive Motion for Summary Judgment from June 29,
7 2007 at 10:00 a.m. to August 31, 2007 at 10:00 a.m. or another time thereafter convenient with the
8 Court's calendar.

9 Respectfully Submitted,

10 Date: May 1, 2007              SALTZMAN & JOHNSON LAW CORPORATION

11                                By: _____/S/_____
                                      KRISTEN MCCULLOCH
12                                    Attorneys for Plaintiff
                                      CALIFORNIA SERVICE EMPLOYEES
13                                    HEALTH & WELFARE TRUST FUND, et al.

14 Date: May 1, 2007              BROWNE WOODS & GEORGE LLP

15                                By: _____/S/_____
                                      G. Warren Bleeker
16                                    Attorneys for Defendant
                                      ADVANCE BUILDING MAINTENANCE

17
18
19
20
21
22
23
24
25
26
27
28

**Order**

1.    Based on the foregoing, and good cause so appearing, the Court hereby reschedules the hearing on any dispositive Motion for Summary Judgment from June 29, 2007 at 10:00 a.m. to **August 10, 2007** ~~August 31, 2007~~ at 10:00 a.m.

2.    Pursuant to Civil Local Rule 7-1, 7-2 and 7-3, all civil motions shall be noticed for a hearing not less than thirty-five (35) calendar days after service. The opposition and supporting papers shall be filed not less than twenty-one (21) days before the noticed hearing date. The reply shall be filed not less than fourteen (14) days before the hearing date. Documents not filed in compliance with these time specifications will not be considered by the Court.

3.    Note that pursuant to Civil L.R. 7-1(b), the Court may, in its discretion, adjudicate motions without oral argument.

**IT IS SO ORDERED.** as amended.

DATED: May 2, 2007



Charles R. Breyer
United States

-6-
**STIPULATION AND [PROPOSED] ORDER TO RESCHEDULE THE DATE FOR HEARING ANY DISPOSITIVE MOTION FOR SUMMARY JUDGMENT**
Case No.:  C 06-02335 SBA

P:\CLIENTS\CSEHT\Cases\ADVA2\Pleadings\Stip and Prop Order Ext. MSJ date 042007.DOC