UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, et al.,<br><br>  Plaintiff(s),<br><br>  v.<br><br>ADVANCE BUILDING MAINTENANCE,<br><br>  Defendant(s). | No. C06-3078 CW (BZ)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO ENFORCE STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENTS AND FOR CIVIL CONTEMPT SANCTIONS** |

Before me is defendant's motion to enforce a stipulated protective order and confidentiality agreements and for civil contempt sanctions. Having reviewed the parties' papers, I see no need for a hearing. In part, defendant requests that the clerk of the court strike from the public record documents filed by plaintiffs containing the information at issue. Reading this request as a motion to seal those portions of the documents containing the contested information, that motion is **GRANTED**. Defendant's motion is **DENIED** in all other respects.

It is undisputed that, on August 7, 2007, plaintiff's counsel participated in a telephone call between its own accountant and outside accountant for defendant, Steve Vallen.

1

Mr. Vallen communicated, <u>inter alia</u>, information relating to defendant's cash balance and accounts receivables; unaccounted for amounts of cash; operating losses; and various payments to defendant CEO Forrest Nolin.  Plaintiffs recounted this information in documents filed with the Court on August 13 and 14.[1]  On August 14, defendant objected in writing to the public disclosure of the information, belatedly designating it as "highly confidential" under a stipulated protective order entered on June 6, 2007.  After plaintiffs did nothing, defendant filed its motion.

      Defendant does not contend that the "confidentiality agreements" of April 26 and May 29 constituted a court order or were otherwise approved by the court.  Defendant provides no authority for the proposition that private confidentiality agreements can be enforced summarily by contempt sanctions, as opposed to an action for breach of contract.  Moreover, because defendant has redacted so much of the April 26 and May 29 letters, it is unclear whether the information provided to plaintiffs on those dates was later revealed.  In any event, I agree with plaintiff that the agreements did not function to render all financial information disclosed by defendant confidential.  The language clearly related to the documents provided to plaintiffs on those particular dates.  <u>See</u> Ross Decl. ¶¶ 2, 3, Exh.'s A, B.  Thus, even assuming that the Court was willing to enforce the agreements summarily, defendant has failed, on this record, to establish a

---

[1]  Specifically, the information is included in Docket No.'s 90, 91 and Exh. A thereto, 95, 96 and Exh. A thereto, 99, and 120.

violation.

I also agree with plaintiffs that their disclosure of the information did not violate the confidentiality agreement signed by the parties prior to participating in an August 6, 2007 mediation session. See id. at ¶ 5, Exh. D. The record demonstrates that the mediation was terminated August 6 and that the August 7 discussion involving Mr. Vallen and plaintiffs' accountant and counsel did not occur before the mediator.[2] Defendant improperly conflates settlement discussions independent of the mediation process with mediation itself. The mediation agreement simply does not reach this information.[3] See, e.g., Microsoft Corp. V. Suncrest Enter., 2006 WL 929257, at *2 (N.D. Cal.); Microsoft Corp. V. Suncrest Enter., 2005 WL 3555721, at *2 (N.D. Cal.); see also Folb v. Motion Picture Industry Pension & Health Plans, 16 F. Supp. 2d 1164, 1180 (C.D. Cal. 1998) (describing the scope of the mediation privilege).

Nor did plaintiffs' disclosure of the information and their subsequent failure to remove the information from the public record violate the stipulated protective order. See

---

[2] Defendant complains that it did not know that plaintiffs' counsel would participate in this discussion. Plaintiffs supplied two declarations undermining that claim. On the record before me, I conclude that it is more likely than not that plaintiffs' counsel did express her desire to participate in the discussion.

[3] Ordinarily, a party claiming a violation of the ADR Local Rules must present its complaint to the ADR Magistrate Judge. See ADR Local Rule 2-4. In view of the result here, and with the concurrence of Judge Brazil, I deem the matter properly before me. The parties, however, are cautioned to consult the ADR Local Rules prior to filing such complaints in the future.

1  Ross Decl. ¶ 4, Exh. C.  Pursuant to section 5.2 of the order,
2  designations must be made "before the material is disclosed or
3  produced."  It is undisputed that defendant knew Mr. Vallen
4  would be divulging information to plaintiff's accountant.  Its
5  failure at that time to place restrictions on plaintiff's use
6  of the material undercuts defendant's assertion that its
7  failure to designate was merely "inadvertent".  Thus, section
8  5.3 of the order does not help defendant.  Because defendant
9  did not properly designate the information as highly
10 confidential, plaintiffs' failure to treat it as such did not
11 violate the order.[4]

12      Defendant, however, has requested that the information be
13 stricken from the public record.  It argues that information
14 relating to its financial position and the amount of
15 remuneration to its CEO constitutes sensitive "trade secrets"
16 that may provide its competitors advantages in the
17 marketplace.  Defendant has provided evidence that the
18 disputed information is maintained as confidential, is
19 password protected, and that one of the plaintiff trustees
20 involved in this action is a senior management official at one
21 of defendant's competitors.  See Mosieznicki Decl.  Defendant
22 has met its burden of establishing the material as protectable
23 under Federal Rule of Civil Procedure 26(c).  Moreover, the
24 public's right to know this information at this stage in the

---

[4] Given allegations contained in plaintiff's proposed amended complaint, I also reject defendant's assertion that the contested information is completely irrelevant to the action.  In light of my conclusions, defendant's motion for attorneys' fees and/or civil contempt sanctions against plaintiffs are without merit and must be **DENIED**.

4

litigation does not outweigh the damage public disclosure may do to defendant's business.  Therefore, reading the request to strike as a motion to seal those portions of plaintiffs' documents containing the disputed information, the motion is **GRANTED**.[5]  **IT IS FURTHER ORDERED** that:

 1) The Clerk of the Court will remove from the public record all documents filed which contain the disputed information, specifically, Docket No.'s 90, 91 and Exh. A thereto, 95, 96 and Exh. A thereto, 99, and 120.

 2) By **Friday, September 14, 2007**, plaintiffs will lodge with the Clerk of the Court un-redacted copies of the removed documents for delivery to Judge Wilken's chambers.

 3) By **Friday, September 14, 2007**, plaintiff will file in the public record versions of the removed documents with the disputed information redacted.[6]

Dated: September 7, 2007

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\CA.SERVICE EMPLOYEES\ORDER.GRANT.DENY.ENFORCE.PROT.CONF.wpd

---

[5] In its opposition, plaintiffs request that I sanction defendant and award fees incurred in responding to defendant's motion.  While defendant might have proceeded in a more direct fashion by moving to have the disputed information sealed, I do not view defendant's arguments as frivolous or advanced in bad faith.  I will therefore **DENY** this request.

[6] On August 30, 2007, plaintiffs filed a motion to remove certain of defendant's confidentiality designations. The motion relates in part to the information discussed herein.  I view this Order as resolving that issue, and therefore **DENY** as moot that portion of plaintiffs' August 30 motion.  To the extent the motion relates to designations unrelated to those discussed herein, by **September 19, 2007**, plaintiffs will re-notice their motion for an appropriate hearing date.

5