IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee,<br><br>    Plaintiffs,<br><br>  v.<br><br>ADVANCE BUILDING MAINTENANCE,<br><br>    Defendant.<br>_____/ | No. C 06-3078 CW<br><br>PRELIMINARY INJUNCTION |

Plaintiffs California Service Employees Health & Welfare Trust Fund and trustees Mike Garcia, Charles Gilchrist, Raymond Nann and Larry Smith move for summary judgment and a preliminary injunction. Defendant Advance Building Maintenance opposes the motions. Plaintiffs' motions are under submission. However, Defendant concedes that it owes Plaintiffs a significant amount of unpaid contributions and Plaintiffs argue that, absent injunctive relief, Defendant's sole shareholder "will dissipate the corporate assets and render the Corporation insolvent." Plaintiffs' Motion at 25.

"The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." <u>Weinberger v. Romero-Barcelo</u>, 456 U.S. 305, 312 (1982). To establish entitlement to a preliminary injunction, a moving party must demonstrate either:

> (1) a combination of probable success on the merits and the possibility of irreparable harm, or
>
> (2) that there exist serious questions regarding the merits and the balance of hardships tips sharply in its favor.

<u>Rodeo Collection, Ltd. v. West Seventh</u>, 812 F.2d 1215, 1217 (9th Cir. 1987); <u>California Cooler, Inc. v. Loretto Winery, Ltd.</u>, 774 F.2d 1451, 1455 (9th Cir. 1985); <u>see also</u> <u>William Inglis & Sons Baking Co. v. ITT Continental Baking Co.</u>, 526 F.2d 86, 88 (9th Cir. 1975); <u>County of Alameda v. Weinberger</u>, 520 F.2d 344, 349 (9th Cir. 1975). The test is a "continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." <u>Rodeo Collection</u>, 812 F.2d at 1217 (quoting <u>San Diego Comm. Against Registration and the Draft v. Governing Bd. of Grossmont Union High Sch. Dist.</u>, 790 F.2d 1471, 1473 n.3 (9th Cir. 1986)).

Here, there is no question regarding the merit of this portion of Plaintiffs' claim; Defendant concedes that it owes $232,130.76 in unpaid contributions for the period January 1, 1999 through December 31, 2002. Further, Plaintiffs provide evidence that supports their argument that, absent injunctive relief, they likely will not receive the amount owed. <u>See</u> Miller Declaration ¶ 7.

The Court hereby enjoins Defendant from paying any dividends, bonuses or extraordinary salary to its officers or directors until

2

after $159,006.56 has been paid in full. This amount represents the sum of (1) $182,130.76, the amount of unpaid contributions which the parties agree Defendant still owes to Plaintiffs[1], and (2) $46,426.15, the liquidated damages related to the agreed-upon unpaid benefits[2] less (3) $69,550.35, the amount of overpayments Defendant claims it made for the period January 1, 1999 through December 31, 2002.

IT IS SO ORDERED.

Dated: 9/18/07



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

---

[1] In January through May, 2007, Defendant made $50,000 in payments toward the $232,130.76 of delinquent contributions.

[2] The Trust agreement between the parties provides for liquidated damages at a rate of twenty percent of the delinquent contributions where a lawsuit is filed to recover those contributions. This amount represents twenty percent of the full $232,130.76 of agreed-upon delinquent contributions. Although Defendant has made $50,000 of payments toward that amount, the payments were not made until after this lawsuit was filed.