United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee,<br><br>    Plaintiffs,<br><br>   v.<br><br>ADVANCE BUILDING MAINTENANCE and FORREST NOLIN,<br><br>    Defendants.<br>_____/ | No. C 06-3078 CW<br><br>ORDER DENYING DEFENDANT NOLIN'S MOTION TO DISMISS OR TRANSFER |

Defendant Forrest Nolin has filed a motion to dismiss or transfer. Plaintiffs California Service Employees Health & Welfare Trust Fund (Trust) and trustees Mike Garcia, Charles Gilchrist, Raymond Nann and Larry Smith oppose the motion. The motion was submitted on the papers. Having considered all of the parties' papers, the Court denies Defendant's motion.

BACKGROUND

As discussed in the Court's order on Plaintiffs' motion for summary judgment, the Trust is a non-profit neutral third-party

established to administer health and welfare benefits to members of various unions pursuant to collective bargaining agreements with employers including Advance. Nolin is the CEO and sole shareholder of Advance. This dispute arises out of successive collective bargaining agreements (CBAs), also called Maintenance Contractors Agreements (MCAs), between Advance and members of Local 1877 (previously Local 399) of the Service Employees International Union (SEIU). Stillwell Decl., Ex. A. Under the agreements, Advance was required to make contributions to the Trust for health and welfare benefits for covered employees.

On May 8, 2006, Plaintiffs filed this complaint against Advance, alleging various unpaid benefits, late benefits and related claims for interest and liquidated damages. On November 1, 2007, the Court granted in part Plaintiffs' motion for summary judgment, finding that the only remaining question on the merits of Plaintiffs' claims is whether Defendant Advance is entitled to credit for a $1,825.48 overpayment. The Court also granted Plaintiffs' request for injunctive relief and entered a preliminary injunction preventing Advance from paying any dividends, bonuses or extraordinary salary to its officers or directors until after $647,382.02 owed to Plaintiffs is paid in full. Finally, the Court granted Plaintiffs leave to file an amended complaint alleging four additional causes of action, adding Nolin as a Defendant and adding the Trust derivatively on behalf of Advance as a Plaintiff. Defendant Nolin now moves to dismiss Plaintiffs' six causes of action against him and to dismiss or transfer the entire action to

the Central District of California based on improper venue.[1]

DISCUSSION

I. Motion to Dismiss Sixth Cause of Action

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff need not set out in detail the facts upon which it bases its claim; however, the plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); see Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true, id., and are construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F. 2d 896, 898 (9th Cir. 1986).

Nolin argues that Plaintiffs' sixth cause of action, seeking equitable relief pursuant to ERISA §§ 502(a)(3) and 502(g)(2)(E), must be dismissed. Under those sections, Plaintiffs seek an injunction requiring Nolin "to return to Defendant Advance all improper bonuses[,] dividends, extraordinary compensation and other preferences occurring up to the present" and requiring both Defendants "to refrain from such improper acts in the future." FAC ¶ 64. Plaintiffs argue that they are entitled to bring such a

---

[1] As Nolin notes, the Court's November 1, 2007 order granting in part Plaintiffs' motion for summary judgment has already addressed several of the grounds on which he moves. To the extent the Court has already ruled on the issues raised in the motion, the motion is denied. The remaining issues are discussed in this order.

3

claim under ERISA § 502(g)(2), which provides for money damages and "such other legal or equitable relief as the court deems appropriate" if defendants fail to pay required benefit contributions. 29 U.S.C. § 1132(g)(2).

The claim for unpaid contributions is based on Plaintiffs' first cause of action for payment of delinquent contributions under ERISA § 515, which provides,

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Nolin argues that, because he is not an "employer" as defined by ERISA, Plaintiffs cannot seek relief against him under § 502 based on a violation of § 515.

Plaintiffs argue that ERISA §§ 502(a)(3) and 502(g)(2) limit only the people who may seek relief, not the people against whom relief may be sought. Further, as Plaintiffs note, the Supreme Court has held that an action under ERISA § 502(a)(3) can be brought to impose a constructive trust over property received by a third party. See Harris Trust v. Salomon Smith Barney, 530 U.S. 238, 246 (2000); Mertens v. Hewitt Associates, 508 U.S. 248, 260 (1993). As an initial matter, § 502(a) is a more general provision that defines "Persons empowered to bring a civil action," while § 502(g)(2) is a more specific provision allowing for additional remedies for "actions involving delinquent contributions." However, both sections allow for equitable relief. Section 502(a) provides for "appropriate equitable relief" to enforce or to

4

redress violations of ERISA or plan terms. 29 U.S.C. § 1132(a)(3)(b). As discussed above, § 502(G)(2) allows for "such other legal equitable relief as the court deems appropriate" for delinquent contributions. Id. at § 1132(g)(2)(e).

In Harris Trust, a fiduciary of an ERISA plan purchased worthless investments from a third-party "in interest" in violation of ERISA § 406(a), which prohibits the "sale or exchange . . . of any property between the plan and a party in interest" and the "transfer to . . . a party in interest . . . of any assets of the plan." 29 U.S.C. § 1106(a)(1)(A) and (D). The plan in that case sought rescission of the purchase, restitution from the party in interest of the purchase price plus interest and disgorgement of the party in interest's profits made from the plan assets transferred to it, all pursuant to § 502(a)(3). Harris Trust, 530 U.S. at 243.

The third party sought summary judgment, arguing that the underlying ERISA violation was based on § 406(a), which prohibits a fiduciary from causing the exchange of property between the plan and a party in interest or the transfer of plan assets to a party in interest. Id. Because the third party was not the fiduciary, it argued that the plan could not sue it under ERISA. However, the Supreme Court held that "§ 502(a)(3) itself imposes certain duties, and therefore that liability under the provision does not depend on whether ERISA's substantive provisions impose a specific duty on the party being sued." Id. at 245. The Court then incorporated remedial principles from the common law of trusts and held that "an action for restitution against a transferee of tainted plan assets

satisfies the 'appropriateness' criterion in § 502(a)(3)" and that such relief is "'equitable' in nature." 530 U.S. at 253. Although the underlying ERISA violation in that case was different than the violation found here, the reasoning is analogous.

Nolin's motion to dismiss Plaintiffs' sixth cause of action against him is denied.

II. Motion to Dismiss or Transfer Second through Fifth Causes of Action

If a case is filed in an improper district, the district in which it is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). When jurisdiction is not based solely on diversity of citizenship, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same state,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no judicial district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Nolin argues that venue is not proper in this district. Because the Court has already resolved most of this case in Plaintiffs' favor, Nolin argues, the only claim that remains is Plaintiffs' claim for fraudulent transfer. He notes that any such transfers occurred entirely in the Central District of California.

Plaintiffs counter that venue is proper in this district for two reasons. First, 28 U.S.C. § 1391(c) provides, "For purposes of
6

venue . . . a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Plaintiffs argue, and the Court agrees, that Defendant Advance is subject to personal jurisdiction in this district. Plaintiffs also correctly argue that their fraudulent transfer claims against Defendants Nolin and Advance arise directly out of Defendant Advance's contacts with the Trust in this district.

Citing a Northern District of Illinois case, Nolin argues that the Court "should not exercise pendent venue over Plaintiffs' state law claims." Reply at 8, citing De La Fuente v. I.C.C., 451 F. Supp. 867, 870-71 (N.D. Ill. 1978). Nolin arguees that De La Fuente stands for the proposition that a court should not exercise pendent venue over a new party for whom venue is otherwise not proper. However, De La Fuente is distinguishable from this case. Unlike De La Fuente, there is a convergence of interests between the Defendants because Defendant Nolin is the sole shareholder and CEO of Defendant Advance. Further, the De La Fuente court considered an earlier version of 28 U.S.C. § 1391(b), which provided, "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." (emphasis added) The current version of the statute allows venue "where any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(b)(1) (emphasis added). Further, Nolin cannot and does not argue that venue is improper in this district for the

7

Plaintiffs' sixth cause of action against him. Because the Court denies Defendants' motion to dismiss that claim, venue in this Court is proper even under the De La Fuente standard.

The Court denies Nolin's motion to dismiss or transfer based on improper venue.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Nolin's motion to dismiss or transfer (Docket No. 205). Defendant Nolin shall answer the complaint within ten days of the date of this order. Fed. R. Civ. P. 12(a)(4)(A).

IT IS SO ORDERED.

Dated: 12/26/07

CLAUDIA WILKEN
United States District Judge