IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee,<br><br>    Plaintiffs,<br><br>  v.<br><br>ADVANCE BUILDING MAINTENANCE and FORREST NOLIN,<br><br>    Defendants.<br>_____/ | No. C 06-3078 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND GRANTING IN PART PLAINTIFFS' APPLICATION FOR WRIT OF ATTACHMENT |

Plaintiffs California Service Employees Health & Welfare Trust Fund (Trust) and trustees Mike Garcia, Charles Gilchrist, Raymond Nann and Larry Smith have filed a motion for leave to file a second amended complaint (SAC) and an application for a right to attach order and for a writ of attachment. Defendant Advance Building Maintenance opposes the issuance of a right to attach order. Defendants Advance and Forrest Nolin filed a statement of non-opposition to the motion for leave to file a SAC. The motions were decided on the papers. Having considered all of the papers filed by the parties, the Court grants Plaintiffs' motion to file an SAC and grants in part Plaintiffs' application for a writ of attachment.

BACKGROUND

As discussed in the Court's earlier orders, the Trust is a

non-profit, neutral third-party established to administer health and welfare benefits to members of various unions pursuant to collective bargaining agreements with employers including Advance. Nolin is the CEO and sole shareholder of Advance. This dispute arises out of successive collective bargaining agreements (CBAs), also called Maintenance Contractors Agreements (MCAs), between Advance and members of Local 1877 (previously Local 399) of the Service Employees International Union (SEIU). Under the agreements, Advance was required to make contributions to the Trust for health and welfare benefits for covered employees.

On May 8, 2006, Plaintiffs filed this complaint against Advance, alleging various unpaid benefits, late benefits and related claims for interest and liquidated damages due for the time period January, 1999 through December, 2002 and on two accounts for the time period August, 2003 through December, 2003. On November 1, 2007, the Court granted in part Plaintiffs' motion for summary judgment, finding that the only remaining question on the merits of Plaintiffs' claims is whether Defendant Advance is entitled to credit for a $1,825.48 overpayment. The Court also granted Plaintiffs' request for injunctive relief and entered a preliminary injunction preventing Advance from paying any dividends, bonuses or extraordinary salary to its officers or directors until after $647,382.02 owed to Plaintiffs is paid in full. Finally, the Court granted Plaintiffs leave to file an amended complaint alleging four additional causes of action, adding Nolin as a Defendant and adding the Trust derivatively on behalf of Advance as a Plaintiff. On December 26, 2007, the Court denied Nolin's motion to dismiss the

2

amended complaint.

Plaintiffs now move pursuant to Federal Rule of Civil Procedure 15(d) to supplement their complaint to allege delinquent payments for the time period January, 2003 through July, 2007. In addition, Plaintiffs move pursuant to Federal Rule of Civil Procedure 15(a) and (d) to add a claim for relief for a writ of attachment and move for such a writ.

DISCUSSION

I. Motion for Leave to File a SAC

Rule 15(d) provides: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d); see also Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998). The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible. LaSalvia v. United Dairymen of Ariz., 804 F.2d 1113, 1119 (9th Cir. 1986). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. The rule is a tool of judicial economy and convenience. Its use is therefore favored." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988) (citation omitted). The allegations contained in a supplemental pleading need not arise out of the same transaction or occurrence as the original; they need only bear some relationship to the subject of the original pleading. See id. at 474.

The Court may deny leave to supplement a complaint on grounds

3

of undue delay, prejudice to the opposing party, or futility. See id.[1] Futility exists where no set of facts can be proved which would state a valid claim, or where the claim would be subject to dismissal. See <u>Saul v. United States</u>, 928 F.2d 829, 843 (9th Cir. 1991); <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

Plaintiffs seek to supplement their complaint to include allegations related to the delinquent payments for the period January 1, 2003 through July 31, 2007 identified in an audit completed in November, 2007 (2007 audit). As stated above, Defendants do not oppose the motion for leave to file a SAC. Plaintiffs have demonstrated a relationship between the claims for delinquent payments identified in the 2007 audit and the claims in the current complaint and there is no indication that Defendants will be prejudiced by the amendment, that the amendment would be futile or that Plaintiffs have delayed in seeking this amendment. Similarly, Plaintiffs' proposed claim for relief for a writ of attachment is related to the existing claims and there is no reason that such an amendment should be disallowed. Plaintiffs' motion for leave to file a SAC is granted.

II. Writ of Attachment

Plaintiffs have also filed an application for a writ of attachment based on two amounts: (1) $597,382.08, the amount awarded to Plaintiffs in the Court's November 1, 2007 order

---

[1]This standard also applies to motions to motions for leave to amend pursuant to Rule 15(a). See <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

4

granting summary judgment, less the $50,000 in payments made by Advance between January and May, 2007 and (2) $172,469.17, the sum of the $104,463.96 in delinquent payments identified by Plaintiffs in the 2007 audit report not disputed by Advance and the related liquidated damages and interest.

The California Code of Civil Procedure provides a remedy for a prejudgment writ of attachment. See Cal. Civ. Proc. Code §§ 481.010-493.060. Under California Code of Civil Procedure § 484.090, a writ of attachment shall be granted upon a showing that:

> (1) The claim upon which the attachment is based is one upon which an attachment may be issued.
> (2) The plaintiff has established the probable validity of the claim upon which the attachment is based.
> (3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
> (4) The amount to be secured by the attachment is greater than zero.

Id. at § 484.090(a). Attachments may only be issued on claims for money based on express or implied contracts where the amount of the claim is fixed or readily ascertainable. Cal. Civ. Proc. Code § 483.010(a). That is so here. Defendant Advance argues that Plaintiffs have not demonstrated that the attachment is sought only for the purpose of recovery on the claims upon which it is based. Advance has filed a declaration stating Nolin's belief that the purpose of the writ is to harass Defendants and jeopardize Advance's ability to sustain its business. See Nolin Decl. ¶¶ 5-11. However, the declaration does not demonstrate that Plaintiffs seek anything beyond the delinquent payments, which Advance already conceded. See Nolin Decl., Ex. A (letter from Advance to

Plaintiffs stating, "According to our corrective schedules, the underpayment total is $104,463.96.").

Advance also argues that, even if the Court finds that a right to attach order is warranted in this case, Plaintiffs have not demonstrated the "probable validity" of their claim as required by § 484.090. Advance argues that Plaintiffs have not demonstrated that they are likely to obtain judgment on the amount based on the 2007 audit because they have not provided an evidentiary foundation for the delinquent payments. However, as discussed above, Advance concedes the underpayment of $104,463.96 on which Plaintiffs now seek a writ of attachment. This is enough to demonstrate that Plaintiffs likely will obtain judgment on this amount and the related interest and liquidated damages mandated by statute.

Advance next argues that, even if Plaintiffs have made a showing that they are entitled to a writ of attachment, the amount should be reduced by $124,171,49, comprising $62,193.39 and $61,193.39, the amounts that Advance argues it over-paid during the periods covered by the 2004 and 2007 audits respectively. California Code of Civil Procedure section 483.015(b) provides that the amount to be secured by an attachment shall be reduced by the "amount of any claim of the defendant asserted as a defense in the answer pursuant to Section 431.70 if the defendant's claim is one upon which an attachment could be issued had an action been brought on the claim when it was not barred by the statute of limitations." Advance has asserted an over-payment defense in its answer to the FAC and states its intent to do so in its answer to the SAC.

1 Therefore, the Court reduces the amount of the writ of attachment
2 by $124,171.49 to $645,679.76.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to file a SAC (Docket No. 229) and GRANTS IN PART Plaintiffs' application for a writ of attachment (Docket No. 235). Plaintiffs shall file their SAC within five days of the date of this order. Upon payment of a $7,500 undertaking by Plaintiffs, the clerk shall issue a writ of attachment to secure $645,679.76 of Advance's assets.

The hearing and case management conference scheduled for January 10, 2008 are hereby VACATED. The Court grants the parties' request to modify the case management schedule. All dates, beginning with the date for case-dispositive motions, shall be extended by three weeks. The parties' case-dispositive motions will be heard at 2:00 P.M. on March 20, 2008. A case management conference will be held at that time whether or not case-dispositive motions are filed. The parties shall address in their case management statement whether any of their claims gives rise to a right to a jury trial.

The Court is informed that the parties have cancelled their settlement conference and will fail to meet the alternative dispute resolution deadline set for today. The Court is also informed that Magistrate Judge James has offered January 23 or January 28 as dates on which the conference maybe rescheduled. The Court hereby

7

orders the parties to select one of those two dates and confirm their selection with Judge James by January 9, 2008.

IT IS SO ORDERED.

Dated: 1/8/08

CLAUDIA WILKEN
United States District Judge