United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, LARRY T. SMITH, Trustee,

Plaintiffs,

v.

ADVANCE BUILDING MAINTENANCE and FORREST NOLIN,

Defendants.
________________________________/

No. C-06-3078 CW

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR RECOVERY OF ATTORNEYS' FEES

Plaintiffs California Service Employees Health & Welfare Trust Fund (Trust) and its Trustees move to recover attorneys' fees, audit fees and costs incurred in prosecuting this action. Defendant Advance Building Maintenance (Advance) opposes Plaintiffs' motion. The matter was taken under submission on the papers. After considering all of the papers filed by the parties, the Court grants Plaintiffs' motion, but awards them less than the total amount of fees sought.

BACKGROUND

As discussed in the Court's earlier orders, the Trust is a non-profit, neutral third-party established to administer health

United States District Court
For the Northern District of California

and welfare benefits to members of various unions pursuant to collective bargaining agreements with employers including Advance. Nolin is the CEO and sole shareholder of Advance. This dispute arises out of successive collective bargaining agreements (CBAs), also called Maintenance Contractors Agreements (MCAs), between Advance and members of Local 1877 (previously Local 399) of the Service Employees International Union (SEIU). Under the agreements, Advance was required to make contributions to the Trust for health and welfare benefits for covered employees.

On May 8, 2006, Plaintiffs filed this complaint against Advance, alleging various unpaid benefits, late benefits and related claims for interest and liquidated damages due for the time period January, 1999 through December, 2002 and on two accounts for the time period August, 2003 through December, 2003. On November 1, 2007, the Court granted in part Plaintiffs' motion for summary judgment, finding that the only remaining question on the merits of Plaintiffs' claims is whether Advance is entitled to credit for a $1,825.48 overpayment. The Court also granted Plaintiffs' request for injunctive relief and entered a preliminary injunction preventing Advance from paying any dividends, bonuses or extraordinary salary to its officers or directors until after $647,382.02 owed to Plaintiffs is paid in full. Finally, the Court granted Plaintiffs leave to file an amended complaint alleging four additional causes of action, adding Forrest I. Nolin as a Defendant and adding the Trust derivatively on behalf of Advance as a Plaintiff. On December 26, 2007, the Court denied Nolin's motion to dismiss the amended complaint. On January 8, 2008 the Court

granted Plaintiffs leave to file a seconded amended complaint alleging delinquent payments for the time period January, 2003 through July, 2007.

On January 9, 2008, Advance filed an action for voluntary wind-up and dissolution, and an application for an order appointing a receiver. These filings were made in the Superior Court of California for the County of Los Angeles (Western District) (Case no. SS 016358).

On June 26, 2008, Plaintiffs accepted Advance's offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure in the sum of $955,760.56 "increased by the addition of an amount -- to be determined by the Court on noticed motion -- for all of plaintiffs' fees and costs from August 11, 2007, through the present that are recoverable by law in this action." Plaintiffs now move to recover those fees and costs.

DISCUSSION

I. Plaintiffs' Request for Attorneys' Fees

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "This section should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotation marks omitted). This is in line with ERISA's broad remedial purpose "to protect employee rights and to secure effective access to federal

courts." Id.

In determining whether special circumstances exist warranting the denial of attorneys' fees, a court may consider: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). No one of these Hummell factors is decisive, and some may not be pertinent in a given case. Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir. 1984). Rather, they reflect a balancing, and not all must weigh in favor of a fee award. McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).

A consideration of the Hummell factors in this case reveals no special circumstances to warrant denying Plaintiffs' motion. While the Court has not found that Advance acted in bad faith, bad faith is not required for an award of attorneys' fees. Smith, 746 F.2d at 590. And from a legal perspective, Advance is "culpable" in that it was found to owe Plaintiffs a legal duty that it was not fulfilling. It is not clear whether Advance will have the ability to pay the fees sought. On the other hand, even though this lawsuit seeks primarily to benefit Plaintiffs, an award of attorneys' fees could serve to deter other plan administrators from failing to pay contracted amounts. This could indirectly benefit

other individuals.

As for the relative merits of the parties' positions, Plaintiffs succeeded on their claim for benefits payments. Plaintiffs were granted summary judgment for $647,382.08. Further, on June 26, 2008, Advance allowed entry of judgment in favor of Plaintiffs against Advance. Accordingly, the fifth Hummell factor also supports awarding Plaintiffs attorneys' fees.

III. Amount of Recoverable Fees

Reasonable attorneys' fees are determined by first calculating the "lodestar." Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. Jordan, 815 F.2d at 1262. However, the court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

Determining a reasonable hourly rate is a critical inquiry. Jordan, 815 F.2d at 1262 (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). In establishing the reasonable hourly rate, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained. See Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988). These factors are subsumed in the initial lodestar

calculation, and should not serve as independent bases for adjusting fee awards. Morales, 96 F.3d at 363-64. The reasonable rate inquiry should also be informed by reference to the prevailing market rates in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

The Supreme Court has recognized that, while it is appropriate for the district court to exercise its discretion in determining an award of attorneys' fees, it remains important for the court to provide "a concise but clear explanation of its reasons for the fee award." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Hall v. Bolger, 768 F.2d 1148, 1151 (9th Cir. 1985) (in computing an award, the district court should provide a "detailed account of how it arrives at appropriate figures for 'the number of hours reasonably expended' and 'a reasonable hourly rate'") (quoting Blum, 465 U.S. at 898).

A. Hourly Rate

1. Reasonableness

The billing rates charged by Plaintiffs' counsel in this action are paralegal at $105 per hour, associate attorney at $180 per hour, and partner at $200 per hour. However, in this motion, Plaintiffs seek an hourly rate of $275 per hour for all attorney hours worked and $105 per hour for paralegal hours worked. Plaintiffs contend that $275 per hour reflects the market rate for the type of work performed in this case.

"Billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal

United States District Court
For the Northern District of California

work of similar complexity." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (internal quotation omitted). In other ERISA cases, courts have found rates much higher than $275 per hour to be reasonable for experienced ERISA attorneys. See Farhat v. Hartford Life and Accident Ins. Co., 2006 WL 2521571, at *7 (N.D. Cal.) (finding the rate of $435 reasonable for a law firm partner with significant ERISA experience and noting that "[t]he declarations and relevant case law establish a range for experienced partners from approximately $400/hour to $495/hour"); May v. Metropolitan Life Ins., 2005 WL 839291, at *3 (N.D. Cal.) (noting evidence that the prevailing rate for partner-level ERISA attorneys in the Bay Area is between $425 and $450 per hour); Fenberg v. Cowden, 2006 WL 83053, at *3-*4 (N.D. Cal.) (approving a rate of $400 per hour for an ERISA attorney who lived outside the Bay Area and had "significantly less" than twenty years of ERISA litigation experience).

Mr. Miller's declaration outlines the Plaintiffs' attorneys' professional background. According to the declaration, Mr. Miller, a partner in his firm, has specialized in employee benefit law for over twenty-five years. Miller Decl. ¶ 10. Mr. Miller has worked on over fifty ERISA actions during his career. Id. Ms. McCulloch, an associate at the firm, has ten years of litigation experience, mostly in the areas of complex class action securities fraud litigation and tax compliance litigation. Id. at ¶ 11. She has specialized in employee benefit law since 2006. Id. Given Mr. Miller's and Ms. McCulloch's level of experience, the $275 hourly rates is within the prevailing rate range. Therefore, the Court

United States District Court
For the Northern District of California

finds the rates to be reasonable.

2. Law of the Case and Judicial Estoppel

Advance argues that Plaintiffs are judicially estopped from arguing that they should receive the market rate. Advance notes that in an earlier request for attorneys' fees that was granted as part of the Court's November 1, 2007 summary judgment order, Plaintiffs did not request the market hourly rate for their work. Advance asks the Court to apply the law of the case doctrine or the judicial estoppel doctrine to prevent Plaintiffs from seeking market rates for their work.

"Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (internal quotations omitted). In the Court's November 1, 2007 summary judgment order, the Court concluded that Plaintiffs' request for attorneys' fees as part of their summary judgment motion was reasonable. There, Plaintiffs' charged $195 per hour for a partner's work, $180 per hour for an associate's work, and $95 per hour for a paralegal's work. Miller Dec. in Support of Plaintiffs' Motion for Summary Judgment ¶ 2. In its previous order, the Court did not address whether higher market rates for the same work would also be reasonable. Thus, the issue presented at this time was not already decided by the Court in its earlier November 1, 2007 order. Therefore, the law of the case doctrine does not prevent Plaintiffs from seeking the market rate for their work.

Judicial estoppel "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996). In Russel v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990), the Ninth Circuit explained that:

> The policies underlying preclusion of inconsistent positions are general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings. . . . Judicial estoppel is intended to protect against a litigant playing fast and loose with the courts. . . . Because it is intended to protect the dignity of the judicial process, it is an equitable doctrine invoked by a court at its discretion.

Requesting a slightly higher billing rate at a later point in litigation is not an “incompatible position.” Moreover, Advance has not shown how Plaintiffs are seeking a "second advantage" by arguing for a higher billing rate.

B. Number of Hours

As a general proposition, Advance asserts that Plaintiffs’ fee award should be reduced by fifty percent because at least fifty percent of the hours appearing on Plaintiffs’ attorneys’ fees statements are excessive, redundant, and otherwise unnecessary. To support its argument, Advance notes that it spent about half as much time on this case as Plaintiffs did. However, as Plaintiffs point out, reasonableness is the standard by which the Court determines attorneys’ fees, not how much time opposing counsel spent on the case. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Therefore, the Court concludes that a fifty percent fee reduction is not warranted.

United States District Court
For the Northern District of California

1. State Court Receivership

Advance argues that Plaintiffs should not receive attorneys' fees for work pursued relating to the state court receivership proceeding. Advance points to Downey Community Hospital v. Wilson, 977 F.2d 470 (9th Cir. 1992), to support its argument. In that case, the Ninth Circuit held that "an award of attorney's fees should not include Downey's costs of litigating in state court. The state court actions were not brought under ERISA. Consequently, section 1132(g)(1) provides no authority for an award of costs incurred by Downey in those actions." Id. at 474.

Plaintiffs assert that all appearances in the state court receivership proceeding were done for the single purpose of protecting their right to recover on the claims in this ERISA claim. Plaintiffs argue that attorneys' fees decisions must follow "the general rule that plaintiffs are to be compensated for attorneys' fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." Cabrales v. County of Los Angeles, 935 F.2d 1050, 1052 (9th Cir. 1991).

The Court concludes that Downey does not prevent Plaintiffs from recovering attorneys' fees. In Downey, the plaintiffs tried to recover attorneys' fees under § 1132(g)(1) for claims they brought in state court, whereas in the present case Plaintiffs did not bring any claims in state court. Rather, Plaintiffs merely made appearances in the state receivership action to ensure that

United States District Court
For the Northern District of California

they would be able to recover money in this ERISA action. Therefore, Plaintiffs are entitled to $57,397 in attorneys' fees incurred in the state court receivership proceeding.

2. Attorneys' Fees for Claims Against Forest Nolin

Advance asserts that Plaintiffs are not entitled to an award of attorneys' fees arising from their prosecution of their claims against Forrest Nolin because (1) the Rule 68 offer of judgment was made by Advance, not Nolin, and (2) 29 U.S.C. § 1132(g), which provides for an award of attorneys' fees in ERISA cases, does not support an award of fees for claims against Nolin in that (a) Nolin is not an "employer," (b) no "judgment in favor of the plan" was awarded against Nolin, and (c) Advance should not be responsible for fees that Nolin should pay. Plaintiffs do not dispute any of these points. Instead, Plaintiffs counter that all attorneys' fees requested were incurred pursuing claims against Advance.

Advance need not pay for legal fees for Plaintiffs' work pertaining solely to Nolin's claims. Therefore, the Court denies Plaintiffs' attorneys' fees request for all time spent in connection with Nolin's motion to dismiss or transfer, $7,959.75. The remaining charges disputed by Advance all involved "a common core of facts" and were "based on related legal theories," to those asserted by Nolin. Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Therefore, it is not possible to divide the remaining charges as requested by Advance.

C. Audit Fees

The ERISA statutory scheme also provides for the award of

United States District Court
For the Northern District of California

"such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). The Ninth Circuit has held that the recovery of accounting fees is appropriate "[b]ecause an award of audit costs to the prevailing party is consistent with the policy of encouraging full and fair contributions." Operating Eng. Pen. Trust, et al. v. A-C Co., 859 F.2d 1336, 1343 (9th Cir. 1988). Therefore, the Court awards Plaintiffs $73,360, representing their accounting fees. See Thiermann Decl. ¶ 4.

D. Costs and Expenses

The Court also determines that Plaintiffs' other costs totaling $14,211 since August 11, 2007 are appropriate under 29 U.S.C. § 1132(g)(2). See Miller Decl. ¶ 7 and Exhibit D.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorneys' fees, audit fees and costs (Docket No. 314) is GRANTED IN PART. Advance is ordered to pay Plaintiffs' attorneys' fees in the amount of $306,456.25,[1] audit fees in the amount of $73,360, and costs in the amount of $14,211.

IT IS SO ORDERED.

Dated: 10/2/08

Claudia Wilken

CLAUDIA WILKEN
United States District Judge

---

[1] $306,456.25 reflects the total amount of attorneys' fees Plaintiffs requested, $314,425, minus the amount of attorneys' fees incurred pertaining solely to Nolin's motion to dismiss or transfer, $7,959.75 ($7,959.75 = ($275 partner hourly wage x 28.2 partner hours) + $204.75 paralegal fees).

