1  PHILIP M. MILLER (SBN 87877)
   KRISTEN McCULLOCH (SBN 177558)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   pmiller@sjlawcorp.com
5  kmcculloch@sjlawcorp.com

6  Attorneys for Plaintiffs

7              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                      (OAKLAND DIVISION)

| | |
|---|---|
| 9   CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, | **CASE NO.: C 06-03078 CW** |
| 10   MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| 11   Trustee, and LARRY T. SMITH, Trustee, and CALIFORNIA SERVICE EMPLOYEES | |
| 12   HEALTH & WELFARE TRUST FUND derivatively on behalf of ADVANCE | DATE:   March 26, 2009 |
| 13   BUILDING MAINTENANCE, INC. | TIME:   2:00 P.M. |
| 14      Plaintiffs, | JUDGE:   HON. CLAUDIA WILKEN COURTROOM 2 |
| 15   vs. |         FOURTH FLOOR 1301 Clay Street |
| 16   ADVANCE BUILDING MAINTENANCE, INC., XL HOG, INC. and FORREST I. |         Oakland, CA 94612 |
| 17   NOLIN, individually, | |
| 18      Defendants. | |

19

20     NOTICE TO:  ADVANCE BUILDING MAINTENANCE, XL HOG, INC. and

21     FORREST I. NOLIN:

22         Please take notice that pursuant to Federal Rules of Civil Procedure Section 15(a), the

23  Court shall conduct a hearing on the application of the Plaintiffs for leave to file a Third Amended

24  Complaint to add XL Hog, Inc. as a Defendant and adding the claims against XL Hog, Inc. set

25  forth in Paragraphs 39 – 40, adding the fifth cause of action set forth in Paragraphs 70 – 70, adding

26  Paragraph 9 of the Prayer for Relief and renaming prior causes of action fifth and sixth to sixth

27  and seventh.  Said hearing shall be conducted on Thursday, March 26, 2009, at 2:00 p.m., or as

28

                                  1                    MOTION FOR LEAVE TO FILE
                                                       THIRD AMENDED COMPLAINT

1   soon thereafter as counsel may be heard, before the Honorable Claudia Wilken in Courtroom 2,

2   Fourth Floor, of the United States District Court, 1301 Clay Street, in Oakland, California.

3                    **MEMORANDUM OF POINTS AND AUTHORITIES**

4   **I.      STATEMENT OF FACTS**

5          The initial Complaint in this action was filed against Advance Building Maintenance on

6   May 8, 2006, to recover delinquent contributions, liquidated damages, interest and attorney's fees

7   and costs owed to the Plaintiff California Service Employees Health & Welfare Trust Fund

8   ("Plaintiff Trust"). The principal claim of the original complaint was based upon an audit report

9   issued by Lindquist LLP on or about April 1, 2004 that covered the audit period of January 1,

10  1999 through December 31, 2002. On November 1, 2007, the Court issued an Order granting

11  Plaintiffs' Motion to File a First Amended Complaint. The First Amended Complaint narrowed

12  certain factual allegations concerning Plaintiffs' claims for delinquent contributions, added Forrest

13  I. Nolin, its sole shareholder and Chief Executive Officer, as a Defendant and added certain state

14  causes of action for fraudulent and illegal transfers from Defendant Advance to Mr. Nolin.

15         In September 2007, Plaintiffs again retained Lindquist LLP to conduct a second audit of

16  Defendant Advance for the audit period of January 1, 2003 through July 31, 2007. During the

17  course of the second audit, Plaintiffs discovered additional delinquent contributions. After

18  Defendant Advance failed to pay any of the additional delinquent contributions reported in the

19  second audit report, Plaintiffs again filed a motion for leave to file a second amended complaint.

20  On January 8, 2008, the Court issued an Order granting Plaintiffs' Motion to File a Second

21  Amended Complaint.

22         Plaintiffs now request leave to file a Third Amended Complaint to add to add XL Hog, Inc.

23  as a defendant and add the claims against XL Hog, Inc. for successor liability. (Declaration of

24  Phillip M. Miller in Support of Plaintiffs' Motion for Leave to File Third Amended Complaint

25  ("Miller Decl.") paragraphs ("¶") 3 and Exhibit ("Ex.") A, the proposed Third Amended

26  Complaint ¶¶ 39 – 49, 70 – 73 and ¶ 9 of the Prayer for Relief; see also ¶ 4 and Ex. B, redline

27  Third Amended Complaint, respective paragraphs. Plaintiffs also make minor clerical corrections

28

**1**  to the pleading and add a claim for relief for a writ of attachment. (Miller Decl. Exs. A and B,

**2**  proposed Third Amended Complaint ¶¶ 39 – 49, 70 – 73 and ¶ 9 of the Prayer for Relief.

**3**  **II.    LEAVE TO AMEND SHOULD BE GRANTED**

**4**      **A.    Leave to Amend Should be Freely Given When Justice So Requires**

**5**      Pursuant to Federal Rule of Civil Procedure Section 15(a) and (d), Plaintiffs request leave

**6**  to file a third amended complaint to add a cause of action based on new facts. *United States ex*

**7**  *rul. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073 (9th Cir. 1988) (stating that "characterization of the

**8**  corrected pleading as an 'amended complaint' [under FRCP 15(a)] rather than as a supplemental

**9**  pleading [under FRCP 15(d)] is immaterial"); *citing United States use of Atkins v. Reiten*, 313

**10**  F.2d 673, 674 (9th Cir. 1963).

**11**      On or about January 9, 2008, Defendant Nolin filed a Receivership action in California

**12**  state court for the voluntary dissolution of Defendant Advance.  The state court appointed a

**13**  Receiver to run the business of Advance until the assets of Advance could be sold and the

**14**  operations dissolved.  Defendants obtained a stay of this action, beginning on or about January 9,

**15**  2008, and continuing until October 31, 2008.

**16**      The Receiver has reported that Defendant Nolin interfered with the sale of Defendant

**17**  Advance's assets to other potential buyers.  Then, on or about October 30, 2008, Defendant Nolin

**18**  entered into a Letter Agreement with the Receiver to sell Defendant Nolin or an entity formed by

**19**  him the assets of Defendant Advance.  The amount that Defendant Nolin paid for the assets of

**20**  Defendant Advance was inadequate.  Defendant XL Hog was formed in November 2008 by

**21**  Defendant Nolin. The initial capitalization of Defendant XL Hog was made by the contribution of

**22**  the assets purchased from Defendant Advance by Defendant Nolin.  At the time that Defendant

**23**  Nolin formed and capitalized Defendant XL Hog by contribution of the assets purchased from

**24**  Defendant Advance, Defendant Nolin was aware of the claim of Plaintiff Trust.  Furthermore,

**25**  Defendant XL Hog, from its inception, has been operating under the "dba" Advance Building

**26**  Maintenance.  Defendant Nolin intentionally interfered with the sale of Defendant Advance's

**27**  assets to other potential buyers so that he could buy the assets himself.  Plaintiffs allege that

**28**  Defendant Nolin purchased the assets of Defendant Advance and in turn capitalized Defendant XL

1 | Hog with the assets of Defendant Advance for an amount far less than the appraised value in
2 | furtherance of his fraudulent scheme to evade liability for the claims of the Trust.

3 | Federal Rule of Civil Procedure Section 15(a) provides that "leave (to amend) shall be
4 | freely given when justice so requires." The decision to allow leave to amend is within the
5 | discretion of the district court; nonetheless, the Ninth Circuit has held that the trial court must
6 | grant leave to amend with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893
7 | F.2d 1074, 1079 (9th Cir. 1990), *accord Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048,
8 | 1051 (9th Cir. 2003). Likewise, supplemental pleading under Rule 15(d) is liberally allowed
9 | absent a showing of prejudice to the other party. *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir.
10 | 1988); *accord Koken v. Milne Scali & Co.*, 2006 U.S. Dist. LEXIS 47406, *4 (D. Az. 2006).
11 | Federal policy strongly favors that all cases be determined on their merits, therefore, leave to
12 | amend must be given unless the opposing party can show undue delay, bad faith, futility of the
13 | amendment or undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martinez v. Newport
14 | Beach City*, 125 F.3d 777, 785 (9th Cir. 1997); *Morongo Band of Mission Indians*, 893 F.2d at
15 | 1079; *Hurn v. Retirement Fund Trust of Plumbing, Etc.*, 648 F.2d 1252, 1254 (9th Cir.1981);
16 | *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935-936 (Fed. Cir. 1995).

17 | **B. Substantial Justice and the Policies Underlying ERISA Would Be Furthered If Leave to Amend is Granted in this Case**

18 | Plaintiff Trust is contractually entitled to depend on contributing employers to accurately
19 | self-report, on a monthly basis, employees on whose behalf benefit contributions are owed to the
20 | Trust. *Cf. Northern California Retail Clerks v. Jumbo Market*, 906 F.2d 1371, 1373 (9th Cir.
21 | 1990) (employer is in breach of its fiduciary duty under ERISA by failing to accurately report
22 | benefit contributions, thereby delaying accrual of claim for statute of limitation purposes). If the
23 | Court denies leave to file a third amended complaint, there would be a risk that all of the claims of
24 | Plaintiff Trust against Defendant be thwarted because the assets of Defendant Advance now
25 | belong to Defendant Nolin's successor entity, Defendant XL Hog. Plaintiff Trust and its
26 | participants would be unjustly stripped of their right to healthcare benefits, contractually required
27 | employer contributions and coverage if Defendant Nolin were to be allowed to purchase the assets

MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT

1  of Defendant Advance, a company he solely owned, at less than fair value and contribute such

2  assets to Defendant XL Hog free of its liabilities to the Trust. The prejudice to Plaintiff Trust and

3  all of its participants, including the employees of Defendant Advance, would be substantial. Thus,

4  justice and Congressional policy underlying ERISA would be served if leave to file a Third

5  Amended Complaint is granted.

6          **C.    Leave to Amend Would Not Cause Substantial Prejudice**

7        To justify a denial of leave to amend, the prejudice to the opposing party must be

8  substantial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see*

9  *also, e.g., Devine v. Devine v. Mashack Flooring Supply, Inc.*, 1997 WL 313155 (S.D.N.Y. 1997)

10  (granting leave to amend in an ERISA cause of action to add a second audit period). Here, there is

11  no prejudice to the named Defendants Advance and Nolin. Currently, the completion of fact

12  discovery is not until August 31, 2009 and the completion of expert discovery is September 30,

13  2009. Furthermore, the pretrial conference and trial date are set for October 20, 2009 and

14  November 2, 2009, respectively. Accordingly, all Defendants will have adequate time to conduct

15  discovery related to these newly added claims. The issues raised should be familiar to all

16  Defendants. The added claim is based upon new, additional misconduct by Defendants.

17  Defendant Nolin formed newly added Defendant XL Hog in November 2008 with the sole

18  purpose of contributing the assets of Defendant Advance that he acquired in November 2008.

19  Accordingly, substantial prejudice does not exist to justify denial of Plaintiff Trust's request for

20  leave to file a Third Amended Complaint, to add XL Hog as a defendant and add the cause for

21  successor liability against XL Hog. *See* Miller Decl. ¶ 3 and the proposed Third Amended

22  Complaint ¶¶ 39 – 49, 70 – 73 and ¶ 9 of the Prayer for Relief attached thereto at Ex. A; *see also*

23  Miller Decl. ¶ a and Ex. B, redline Third Amended Complaint, respective paragraphs.

24          **D.    Granting Leave to Amend Would Result in Judicial Economy**

25        Plaintiffs request for leave to amend or, in the alternative, to supplement the pleading to

26  avoid the costs and delays of separate suits. *See e.g., Volpe*, 858 F.2d at 473. If Plaintiffs are not

27  permitted to amend the pleading to assert the successor liability claim, Plaintiffs will be forced to

28  file a separate complaint to assert successor liability claim The added claim is based upon new,

1 | additional misconduct by Defendants.  Judicial economy is best served, therefore, by granting

2 | Plaintiffs' request for leave to file a Third Amended Complaint.

3 | **III.     CONCLUSION**

4 | For the reasons set forth above, Plaintiff Trust respectfully requests that its Motion for

5 | Leave to file a Third Amended Complaint be granted.

6 | Date: February 17, 2009                                SALTZMAN & JOHNSON
                                                              LAW CORPORATION
7 |

8 |

9 | By: _Philip M Mill_____

10 |                                                        Philip M. Miller,
                                                           Attorneys for Plaintiffs

1

<u>**PROOF OF SERVICE**</u>

2

I, the undersigned, declare:

3

I am employed in the County of San Francisco, State of California.  I am over the age of

4

eighteen and not a party to this action.  My business address is 44 Montgomery Street, Suite 2110,

5

San Francisco, California 94104.

6

On February 17, 2009, I served the foregoing documents on the parties to this action,

7

addressed as follows, in the manner described below:

8

**NOTICE OF MOTION AND MOTION FOR
LEAVE TO FILE THIRD AMENDED COMPLAINT**

9

<u>XX</u>      **MAIL,** being familiar with the practice of this office for the collection and the processing

10         of correspondence for mailing with the United States Postal Service, and deposited in the
           United States Mail copies of the same to the business addresses set forth below, in a sealed

11         envelope fully prepared.

12         ____      **FACSIMILE** be causing said document to be transmitted by Facsimile machine to the
                     number indicated after the address(es) set forth below.

13

14         ____      **UPS** for delivery the following business day by placing same for collection by UPS to the
                     business addresses set forth below.

15         ____      **PERSONAL DELIVERY** by placing said document is a sealed envelope and causing it to
                     be personally delivered to the address(es) set forth below.

16

*Addressed to:*

17

18         Peter W. Ross                                    Steven M. Spector
           Dreier Stein Kahan                               Jeffer, Mangels, Butler & Marmaro LLP
           Browne Woods George LLP                          Attorneys for Joel B. Weinberg, Receiver

19         Attorneys for Advance Building                   1900 Avenue of the Stars, Seventh Floor
               Maintenance, Inc and Forrest I. Nolin        Los Angeles, CA 90067

20         2121 Avenue of the Stars, 24th Floor
           Los Angeles, CA 90067                            Steven M. Spector

21                                                          Buchalter Nemer, a Prof. Law Corporation
                                                            Attorneys for Joel B. Weinberg, Receiver

22                                                          1000 Wilshire Boulevard, Ste. 1500
                                                              Los Angeles, California 90017-2457

23

I declare under penalty of perjury that the foregoing is true and correct and that this

24

declaration was executed on this 17th day of February, 2009 at San Francisco, California.

25

26                                   _____

27         Julie Jellen

28