1  PHILIP M. MILLER (SBN 87877)
   KRISTEN McCULLOCH (SBN 177558)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287–Facsimile
   pmiller@sjlawcorp.com
5  kmcculloch@sjlawcorp.com

6  Attorneys for Plaintiffs

7              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                    (OAKLAND DIVISION)

9  CALIFORNIA SERVICE EMPLOYEES          CASE NO.:  C 06-03078 CW
   HEALTH & WELFARE TRUST FUND,
10 MIKE GARCIA, Trustee, CHARLES         **THIRD AMENDED COMPLAINT**
   GILCHRIST, Trustee, RAYMOND C. NANN,
11 Trustee, and LARRY T. SMITH, Trustee, and
   CALIFORNIA SERVICE EMPLOYEES
12 HEALTH & WELFARE TRUST FUND
   derivatively on behalf of ADVANCE
13 BUILDING MAINTENANCE, INC.

14       Plaintiffs,

15 vs.

16 ADVANCE BUILDING MAINTENANCE,
   INC., XL HOG, INC. and FORREST I.
17 NOLIN, individually,

18       Defendants.

19

20              **REDACTED**

21          **PUBLIC RECODS VERSION**

22

23

24

25

26

27

28

**PARTIES**

1. Plaintiff California Service Employees Health & Welfare Trust Fund ('the Trust') is a multiemployer joint labor-management welfare fund established pursuant to Section 302(c) of the Labor Management Relations Act ('LMRA'), 29 U.S.C. § 186(c). The Trust maintains an office and is administered in Alameda, California. Its purpose is to provide health and welfare and related benefits to the eligible employees of employers who contribute to the Trust pursuant to various collective bargaining agreements with local unions affiliated with the Service Employees International Union.

2. Plaintiffs Mike Garcia, Charles Gilchrist, Raymond C. Nann and Larry T. Smith are all members of the Board of Trustees of the Trust ('Trustees'). Trustees are 'fiduciaries' with respect to the Trust as defined in 3(21)(A) of Employee Retirement Income Security Act ('ERISA'), 29 U.S.C. § 1002(21)(A), and are collectively the 'plan sponsor' within the meaning of 3(16)(B)(iii) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii).

3. The Trust and the Trustees are herein referred to as 'Plaintiffs'.

4. Defendant Advance Building Maintenance, Inc. a California corporation, ('Defendant Advance'), is a plant and building maintenance and janitorial services business registered to do business in the State of California. Defendant Advance is principally engaged in the business of providing plant and building janitorial and maintenance services to its customers. The business of Defendant Advance affects commerce within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

5. Defendant XL Hog, Inc., a California corporation, ('Defendant XL Hog'), is a plant and building maintenance and janitorial services business registered to do business in the State of California and doing business as ('dba') Advance Building Maintenance. Defendant XL Hog is principally engaged in the business of providing plant and building janitorial and maintenance services to its customers. The business of Defendant XL Hog affects commerce within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The initial capitalization of Defendant XL Hog was made by contribution of the assets of Defendant Advance, which were purchased by Defendant Nolin on or about November 3, 2008.

THIRD AMENDED COMPLAINT

6.     Defendant Forrest I. Nolin ('Defendant Nolin'), an individual, is and at all relevant times was ███████████████ Chief Executive Officer of Defendant Advance and, as such, is an insider.  Defendant Nolin is and at all relevant times was ████████████████

████████████████ and Chief Executive Officer of Defendant XL Hog and, as such, is an insider.  At all relevant times, Defendant Nolin resided in the State of California and still so does.

## JURISDICTION

7.     Jurisdiction exists in this Court over the claims asserted by the Plaintiffs by virtue of ERISA Section 502, 29 U.S.C. § 1132, in that the Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices that violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

8.     Jurisdiction exists in this Court over all the claims by virtue of Section 301 of the LMRA, 29 U.S.C. § 185, in that the Plaintiffs seek to enforce the terms and conditions of collective bargaining agreements between the employer and a labor organization.

9.     To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 28 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction and it would further judicial economy, convenience, fairness and comity to exercise jurisdiction over the claims.

## VENUE

10.     Venue exists in this Court with respect to the claims under ERISA Section 502, 29 U.S.C. § 1132, because Plaintiff Trust conducts its business and may be found in this district, and the breaches under ERISA  and under California law occurred in this district.  Venue exists in this Court over the claims under California law under 28 U.S.C. § 1391(b) and (c).  Venue is also proper under the doctrine of pendent venue because the claims under California law arose out of a common nucleus of operative facts.

**INTRADISTRICT ASSIGNMENT**

11.     The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where the Plaintiff Trust is administered, and where Defendant Advance therefore failed to fulfill its statutory and contractual obligations to the Trust.

**APPLICABLE STATUTORY LAW**

12.     Section 515 of ERISA, 29 U.S.C. § 1145, requires employers who are obligated to make contributions to a multiemployer plan do so in accordance with the terms of the collective bargaining agreements.

13.     ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of:

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954, 26 U.S.C. § 6621.

THIRD AMENDED COMPLAINT

14.     ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a civil action by the Trustees as ERISA fiduciaries:

(A)     to enjoin any act or practice which violates any provision of this title or the terms of the plan, or

(B)     to obtain other appropriate equitable relief

(i)     to redress such violations, or

(ii)     to enforce any provision of this title or the terms of the plan.

15.     Section 3439.04 of the California Civil Code provides that:

(a)     A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

(1)     With actual intent to hinder, delay, or defraud any creditor of the debtor.

(2)     Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:

(A)     Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

(B)     Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

(b) In determining actual intent under paragraph (1) of subdivision (a), consideration may be given, among other factors, to any or all of the following:

(1)     Whether the transfer or obligation was to an insider.

(2)     Whether the debtor retained possession or control of the property transferred after the transfer.

4                                   THIRD AMENDED COMPAINT

(3)    Whether the transfer or obligation was disclosed or concealed.

(4)    Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

(5)    Whether the transfer was of substantially all the debtor's assets.

(6)    Whether the debtor absconded.

(7)    Whether the debtor removed or concealed assets.

(8)    Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(9)    Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(10)    Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

(11)    Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

16.    Section 2224 of the California Civil Code provides that:

One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it.

17.    Section 500(b) of the California Corporations Code provides that:

Neither a corporation nor any of its subsidiaries shall make any distribution to the corporation's shareholders (Section 166) except as follows:

(b)    The distribution may be made if immediately after giving effect thereto:

(1)    The sum of the assets of the corporation (exclusive of goodwill, capitalized research and development expenses and deferred charges) would be at least equal to 1¼ times its liabilities (not including deferred taxes, deferred income and other deferred

5

THIRD AMENDED COMPLAINT

credits); and

(2)     The current assets of the corporation would be at least equal to its current liabilities or, if the average of the earnings of the corporation before taxes on income and before interest expense for the two preceding fiscal years was less than the average of the interest expense of the corporation for those fiscal years, at least equal to 1¼ times its current liabilities; provided, however, that in determining the amount of the assets of the corporation profits derived from an exchange of assets shall not be included unless the assets received are currently realizable in cash; and provided, further, that for the purpose of this subdivision "current assets" may include net amounts which the board has determined in good faith may reasonably be expected to be received from customers during the 12-month period used in calculating current liabilities pursuant to existing contractual relationships obligating those customers to make fixed or periodic payments during the term of the contract or, in the case of public utilities, pursuant to service connections with customers, after in each case giving effect to future costs not then included in current liabilities but reasonably expected to be incurred by the corporation in performing those contracts or providing service to utility customers.  Paragraph (2) of subdivision (b) is not applicable to a corporation which does not classify its assets into current and fixed under generally accepted accounting principles.

18.     Section 501 of the California Corporations Code provides that:

Neither a corporation nor any of its subsidiaries shall make any distribution to the corporation's shareholders (Section 166) if the corporation or the subsidiary making the distribution is, or as a result thereof would be, likely to be unable to meet its liabilities (except those whose payment is otherwise adequately provided for) as

6

THIRD AMENDED COMPLAINT

1      they mature.

2                                    **STATEMENT OF FACTS**

3      19.     Based on information and belief, plaintiffs allege the following facts:

4                                    **Delinquent Contributions**

5      20.     At all times relevant to this Complaint, Defendant Advance was a party and bound

6   by successive collective bargaining agreements (entitled "Maintenance Contractors Agreement"

7   referred to hereinafter as the "Bargaining Agreements") covering Defendant Advances's employees.

8   The Bargaining Agreements require that Defendant Advance contribute to the Trust at specified

9   rates per month on behalf of its employees covered by the Bargaining Agreements, unless

10  specifically excepted by written agreement.

11     21.     As an employer participating in the Trust, the Defendant Advance agreed to be and

12  was bound by the Agreement and Declaration of Trust ("Trust Agreement") establishing the Trust,

13  the terms of the Trust's Plan Document, and the rules, regulations and policies adopted by the

14  Trustees under the authority of the Trust Agreement.

15     22.     At all relevant times, Article IV, Section 4 of the Trust Agreement required

16  contributing employers to submit monthly remittance reports of all covered hours of service by

17  persons covered by the Bargaining Agreements, along with contributions owed, to the Trust's

18  principal place of business on or before the 20th day of each month after the month in which the

19  covered work was performed.  At all relevant times, under Article IV, Section 5 of the Trust

20  Agreement, contributions received by the Trust after the 20th day of the month following the

21  month in which the covered work was performed were deemed delinquent.  At all relevant times,

22  Article IV, Section 6(b) of the Trust Agreement provided that an employer who fails to contribute

23  payment in full by the due date, at the agreed upon rate for each of its covered employees as

24  required under the Bargaining Agreements, was liable to the Trust for liquidated damages at 5% of

25  the amount of the unpaid contributions owed, with a minimum of $50.00 and a maximum of

26  $800.00, for each month's unpaid contributions, as well as the amount of the unpaid contributions

27  themselves.  If contributions were unpaid at the time suit is filed, liquidated damages were due in

28  the amount equal to the greater of 20% of the amount of the unpaid contributions or an amount

1    equal to the interest due on the unpaid contributions.  At all relevant times, Article IV, Section

2    6(c) of the Trust Agreement provided that 10% simple interest per annum shall accrue on the

3    unpaid contributions from the due date until the contributions were paid in full and that if a lawsuit

4    is filed, interest shall accrue at the underpayment rate of the Internal Revenue Code Section 6621,

5    26 U.S.C. § 6621, from the date due until paid.

6        23.    At all relevant times, Article IV, Section 7 of the Trust Agreement required that the

7    Defendant Advance, upon written notice, provide for examination by an authorized Trust

8    representative such books and records as are necessary to determine whether Defendant Advance

9    had paid in full all sums owed to the Trust, to pay the above-described liquidated damages and

10   interest on any unpaid contributions found to be due and owing, and to reimburse the Trust for

11   costs incurred in conducting its examination of Defendant Advance's records, all as more fully set

12   forth in the Trust Agreement and incorporated into the Bargaining Agreements.

13       24.    Under Article IV, Section 7 of the Trust Agreement, an examination of Defendant

14   Advance's records was performed for the period January 1, 1999 through December 31, 2002.  The

15   examination revealed Defendant Advance's nonpayment and underpayment of contributions due

16   and owing the Trust during the above audit period for certain of its employees.  As a result of its

17   breach of the Bargaining Agreements entered into between Local 1877 (formerly Local 399) of the

18   Service Employees International Union ('SEIU') and Defendant Advance and Trust Agreement by

19   which it is bound, Defendant Advance is liable to the Trust for certain of the delinquent

20   contributions found due and owing that are listed in the examination report, interest on the unpaid

21   contributions owed, an additional amount equal to the greater of the interest charged on the unpaid

22   contributions or the above-described liquidated damages, as well as costs, including attorneys' fees

23   and the costs incurred by the Trust in conducting its audit of Defendant Advance's records.

24       25.    In addition to the delinquent contributions revealed in the examination described in

25   paragraph 24 above, the Trust determined that Defendant Advance had underpaid contributions

26   due the Trust on behalf of certain covered employees owed to account number 718, during the

27   periods February 2000 through March 2002, and February through April 2003, respectively.

28   Defendant Advance is therefore in breach of the Bargaining Agreements between Local 1877

1 (formerly Local 399) of the Service Employees International Union ('SEIU') and Defendant

2 Advance and the Trust Agreement in effect during the above period, and is liable to Plaintiff Trust

3 for payment of delinquent contributions, liquidated damages and interest.

4      26.    In addition, during the period August 2003 through December 2003, Defendant

5 Advance failed to pay, in a timely manner, contributions due and owing the Trust, in breach of the

6 Bargaining Agreement and Trust Agreement in effect during the above period. Defendant

7 Advance is therefore liable for liquidated damages and interest on the late paid contributions,

8 calculated from the date the contributions became due until the date they were received by the

9 Trust office.

10      27.    During the period January 2004 to the present, several demands have been made

11 upon Defendant Advance for payment of the above-described delinquent contributions.

12      28.    Despite the several demands for payment of the above-described delinquent

13 contributions set forth in paragraphs 24 through 26, Defendant Advance has refused and continues

14 to refuse to pay the amounts owed.

15      29.    Under Article IV, Section 7 of the Trust Agreement, an examination of Defendant

16 Advance's records was performed for the period January 1, 2003 through July 31, 2007. The

17 examination revealed Defendant Advance's nonpayment and underpayment of contributions due

18 and owing the Trust during the above audit period for certain of its employees. As a result of its

19 breach of the Bargaining Agreements entered into between Local 1877 (formerly Local 399) of the

20 Service Employees International Union ('SEIU') and Defendant Advance and Trust Agreement by

21 which it is bound, Defendant Advance is liable to the Trust for certain of the delinquent

22 contributions found due and owing that are listed in the examination report, interest on the unpaid

23 contributions owed, an additional amount equal to the greater of the interest charged on the unpaid

24 contributions or the above-described liquidated damages, as well as costs, including attorneys' fees

25 and the costs incurred by the Trust in conducting its audit of Defendant Advance's records.

26      30.    On or about November 15, 2007, a draft copy of the audit was sent to Defendant

27 Advance for its review and comment.

28

1    31.    On or about December 3, 2007, a demand was made upon Defendant Advance for

2  payment of the delinquent contributions based upon the above-described delinquent contributions

3  set forth in paragraph 29 above.

4    32.    Despite the demand for payment of the above-described delinquent contributions

5  set forth in paragraph 29, Defendant Advance has not paid the amounts owed.

6    ████████████████████████

7    33.    Defendant Advance Building Maintenance ████████████████████████████

8  ████████████████████████████████████████████████████ during

9  September 2006, approximately four months after the original complaint for delinquent

10  contributions had been filed in this action.

11    34.    Defendant Advance Building Maintenance ████████████████████████████

12  ████████████████████████████████████████ on December 28, 2006,

13  approximately seven months after the original complaint for delinquent contributions had been

14  filed in this action.

15    35.    Defendant Advance Building Maintenance ████████████████████████████

16  ████████████████████████████████████████████ on June

17  30, 2007, approximately a year and two months after the original complaint for delinquent

18  contributions had been filed in this action and after Plaintiffs had moved for summary judgment in

19  this action.

20    36.    Defendant Advance Building Maintenance ████████████████████████████

21  ████████████████████████████ during 2007, nearly a year or more after the

22  original complaint for delinquent contributions had already been filed in this action.

23    37.    Such ████████████████████ have caused the Defendant Advance ████████

24  ████████████████████████████████████████████████████.

25    38.    A request by Plaintiffs to the Board of Directors of Defendant Advance ████████

26  ████████████████████████████████████████████████

27  ████████████████████████ would be futile.

28

10                                    THIRD AMENDED COMPLAINT

1    **Defendant XL Hog Is Successor of Defendant Advance**

2    39.    On or about January 9, 2008, Defendant Nolin filed a Receivership action in

3    California state court for the voluntary dissolution of Defendant Advance.

4    40.    On or about the same day, the state court appointed a Receiver to run the business

5    of Advance until the assets of Advance could be sold and the operations dissolved.

6    41.    The Receiver has reported that Defendant Nolin interfered with the sale of

7    Defendant Advance's assets to other potential buyers.

8    42.    On or about October 30, 2008, Defendant Nolin entered into a Letter Agreement

9    with the Receiver to sell Defendant Nolin or an entity formed by him the assets of Defendant

10   Advance.

11   43.    The amount that Defendant Nolin paid for the assets of Defendant Advance was

12   inadequate.

13   44.    Defendant XL Hog was formed in November 2008 by Defendant Nolin.

14   45.    The initial capitalization of Defendant XL Hog was made by the contribution of the

15   assets purchased from Defendant Advance by Defendant Nolin.

16   46.    At the time that Defendant Nolin formed and capitalized Defendant XL Hog by

17   contribution of the assets purchased from Defendant Advance, Defendant Nolin was aware of the

18   claim of Plaintiff Trust.

19   47.    Defendant XL Hog, from its inception, has been operating under the "dba" Advance

20   Building Maintenance.

21   48.    Defendant Nolin intentionally interfered with the sale of Defendant Advance's

22   assets to other potential buyers.

23   49.    Defendant Nolin purchased the assets of Defendant Advance and capitalized

24   Defendant XL Hog with the assets purchased from Defendant Advance in furtherance of his

25   fraudulent scheme to evade liability for the claims of the Trust.

26   **FIRST CAUSE OF ACTION**
     **Payment of Delinquent Contributions Under ERISA Sections 502(g)(2) and 515**

27   50.    Plaintiffs re-allege and incorporate by reference paragraphs 1–32 above as though

28

11                    THIRD AMENDED COMPLAINT

1  they were fully set forth herein.

2      51.    Defendant Advance violated ERISA Section 515, 29 U.S.C. § 1145, by failing to

3  timely make contributions during the period of January 1, 1999 through July 31, 2007 to the Trust

4  in accordance with its obligation to do so under the terms of the Bargaining Agreements entered

5  into between Local 1877 (formerly Local 399) of the Service Employees International Union

6  ('SEIU') and Defendant Advance and the Trust Agreement.

7      52.    Therefore, Defendant Advance is liable for payment of delinquent contributions

8  due and owing Plaintiff Trust, as well as for interest, liquidated damages, costs, attorneys' fees and

9  accountants' fees as provided for under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), ████

10  ████████████████.

11      53.    Plaintiffs are without adequate remedy at law and the Bargained Plans will suffer

12  continuing and irreparable injury, loss and damage unless Defendant Advance is ordered

13  specifically to perform all obligations required on Defendant Advance's part to be performed under

14  ERISA, 29 U.S.C. §§ 1101-1381, LMRA section 301, 29 U.S.C. § 185, the Bargaining

15  Agreements, and the governing documents of the Plans referred to therein; is restrained from

16  continuing to refuse to perform as required thereunder; and to pay all contributions, interest,

17  liquidated damages, costs, attorneys' fees and accountants' fees determined to be due Plaintiff

18  Trust.

19                          **SECOND CAUSE OF ACTION**
**Derivative Action For Fraudulent Transfer of Assets With Actual**

20  **Intent to Hinder, Delay or Defraud a Creditor In Violation of the California**
**Uniform Fraudulent Transfer Act, California Civil Code § 3439, et seq.**

21
22      54.    Plaintiffs re-allege and incorporate by reference paragraphs 1–53 above as though

    they were fully set forth herein.
23
24      55.    As a result of Defendant Advance's unlawful failure to pay the amounts owed to the

    Trust under the CBA, this lawsuit was filed seeking compensatory damages for delinquent
25
    contributions owed under ERISA Section 502(g)(2)(A),(B) and (C), 29 U.S.C. § 1132(g)(2)(A),
26
    (B) and (C).
27
        56.    Plaintiff Trust in this action constitutes a "creditor" within the meaning of California
28

Civil Code Sections 3439.01(c) and 3430.

57. Defendant Nolin was aware that a judgment could be rendered against Defendant Advance in this case for the cause of action for delinquent contributions, █████████████ ████████.

58. Accordingly, on information and belief, Defendant ███████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████, in violation of California Civil Code Section 3439.04(a).

## THIRD CAUSE OF ACTION
**Derivative Action For Fraudulent Transfer of Assets With Constructive Intent to Hinder, Delay or Defraud a Creditor In Violation of Uniform Fraudulent Transfer Act, California Civil Code § 3439, et seq.**

59. Plaintiffs re-allege and incorporate by reference paragraphs 1–53 above as though they were fully set forth herein.

60. As a result of Defendant Advance's unlawful failure to pay the amounts owed to the Trust under the CBA, this lawsuit was filed seeking compensatory damages for delinquent contributions owed under ERISA Section 502(g)(2)(A),(B) and (C), 29 U.S.C. § 1132(g)(2)(A), (B) and (C).

61. Plaintiff Trust in this action constitutes a "creditor" within the meaning of California Civil Code Sections 3439.01(c) and 3430.

62. Defendant Advance and Defendant Nolin were aware that a staggering judgment could be rendered against Defendant Advance in this case for the cause of action for delinquent contributions, ████████████████████████.

63. Accordingly, on information and belief, Defendant Advance and Defendant Nolin ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████.

THIRD AMENDED COMPAINT

**FOURTH CAUSE OF ACTION**
**Derivative Action For Knowing Receipt of Illegal Dividends**
**In Violation of California Corporations Code § 500, et seq.**

64.    Plaintiffs re-allege and incorporate by reference paragraphs 1–53 above as though they were fully set forth herein.

65.    As a result of Defendant Advance's unlawful failure to pay the amounts owed to the Trust under the CBA, this lawsuit was filed seeking compensatory damages for delinquent contributions owed under ERISA Section 502(g)(2)(A),(B) and (C), 29 U.S.C. § 1132(g)(2)(A), (B) and (C), which antedates ███████████████████████████.

66.    Plaintiff Trust in this action constitutes a "creditor" within the meaning of California Corporations Code Section 506(b).

67.    In violation of California Corporations Code Section 500(b), Defendant Advance ████████████████████████████████████████████████████████████ ████████████████████████████████████.

68.    In violation of California Corporations Code Section 501, Defendant Advance ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████.

69.    ████████████████████████████████████████████████████ ████████.

**FIFTH CAUSE OF ACTION**
**Successor Liability Against Defendant XL Hog**

70.    Plaintiffs re-allege and incorporate by reference paragraphs 1–69 above as though they were fully set forth herein.

71.    Defendant XL Hog is a mere continuation of Defendant Advance because:

(1)    XL Hog was initially capitalized with the assets purchased from Defendant Advance by Defendant Nolin with awareness of the claim of Plaintiff Trust,

(2)    Defendant Advance received inadequate consideration for the assets transferred to Defendant XL Hog and

THIRD AMENDED COMPLAINT

1         (3)    Defendant XL Hog had the same equitable owner, management, other

2                 employees, equipment, customers, job sites and trade name after the transfer

3                 of assets as Defendant Advance had before the transfer.

4    72.    Furthermore, Defendant Nolin purchased the assets of Defendant Advance and

5 capitalized Defendant XL Hog with the assets purchased from Defendant Advance in furtherance

6 of his fraudulent scheme to evade liability for the claims of the Trust.

7    73.    Accordingly, Defendant XL Hog is the successor of Defendant Advance for the

8 purpose of the liability of Defendant Advance to Plaintiff Trust.

9

**SIXTH CAUSE OF ACTION**
**For Imposition of a Constructive Trust Under California Civil Code § 2224**

10    74.    Plaintiffs re-allege and incorporate by reference paragraphs 1–73 above as though

11 they were fully set forth herein.

12    75.    As a result of Defendant Advance's unlawful failure to pay the amounts owed to the

13 Trust under the CBA, this lawsuit was filed seeking compensatory damages for delinquent

14 contributions owed under ERISA Section 502(g)(2)(A),(B) and (C), 29 U.S.C. § 1132(g)(2)(A),

15 (B) and (C).

16    76.    Defendant Advance and Defendant Nolin were aware that a staggering judgment

17 could be rendered against Defendant Advance in this case for the cause of action for delinquent

18 contributions, ■■■■■■■■■■■■■■■■■■■■■■■.

19    77.    Accordingly, on information and belief, Defendant Advance and Defendant Nolin

20 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

21 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

22 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

23 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

24 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

25 ■■■■■■.

26

27

28

15                       THIRD AMENDED COMPAINT

**SEVENTH CAUSE OF ACTION**
**For Fraudulent Transfer of Assets in Furtherance of Violations**
**of the Obligation to Contribute Under ERISA Sections 502 And 515,**
**With Intent To Defraud Plaintiff Trust**

78.     Plaintiffs re-allege and incorporate by reference paragraphs 1–77 above as though they were fully set forth herein.

79.     A fiduciary under ERISA may bring a civil action under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), "to enjoin any act or practice which violates any provision" of Title I of ERISA "or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

80.     To remedy violations of the duty to make required contributions under ERISA Section 515, 29 U.S.C. § 1145, a court may award, under ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), "such other equitable relief as the court deems appropriate."

81.     Defendant Advance violated ERISA Section 515, 29 U.S.C. § 1145, by failing to make contractually required benefit contributions on behalf of its employees to Plaintiff Trust on a widespread basis.

82.     Defendant Nolin was at all times relevant chief executive officer, chairman of and sole member of the Board of Directors and sole shareholder of Defendant Advance with control over its management decisions.  Defendant Nolin, in furtherance of the effort of Defendant Advance to avoid making the required employee benefit contributions to Plaintiff Trust, caused Defendant Advance to ███████████████████████████████████ ████████████████████████████████████ ████████████████████████ its violations of the duty to make required benefit contributions under ERISA Section 515, 29 U.S.C. § 1145.  Defendant Nolin caused Defendant Advance to ██████████████████████████████ ████████ in 2006 and in 2007, in the form of dividends and bonuses, after the Trust had made demands for payment of the delinquent employee benefit contributions and after the original complaint for delinquent contributions had already been filed in this action.  The ███████████████████ ██████████████████████████████████████████████████

16                                    THIRD AMENDED COMPLAINT

1  ████████████████████████████████████████.

2       83.    Plaintiff Trust will suffer irreparable injury if the Court does not enjoin (1)

3  ████████████ to return to Defendant Advance ████████████████████████████

4  ████████████████████████████ occurring up to the present and (2) Defendant Advance and

5  Defendant Nolin to refrain from such improper acts in the future.  Plaintiffs have no adequate

6  remedy at law.

## PRAYER FOR RELIEF

       WHEREFORE, Plaintiffs pray as follows:

       1.    For judgment for delinquent contributions against Defendant Advance, in favor of the Bargained Plans, in an amount equal to

      (a)    Any unpaid contributions due, according to proof, on behalf of its covered employees during the period January 1999 through July 2007, under ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), and the Bargaining Agreements.

      (b)    Interest on any unpaid contributions at the rates set in accordance with the Bargaining Agreements, the governing documents of the Bargained Plans, and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

      (c)    Liquidated damages in an amount equal to the greater of

          (i)    Interest on the unpaid contributions, or

          (ii)   Liquidated damages provided for under the Bargaining Agreements on the aforementioned unpaid contributions in accordance with the Bargaining Agreements, the governing documents of the Bargained Plans and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C).

      (d)    Reimbursement of Plaintiff Trust's expenses related to the audit of Defendant's records for the period January 1, 1999 through December 31, 2002;

THIRD AMENDED COMPAINT

1       (e)    Reimbursement of Plaintiff Trust's expenses related to the audit of

2            Defendant's records for the period January 1, 2003 through July 31, 2007;

3       (f)    Liquidated damages and interest at the rates set in accordance with the

4            Bargaining Agreements and the governing documents of the Bargained

5            Plans for the period August 2003 through December 2003 on contributions

6            paid late to the Plaintiff Trust.

7    2.    Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with

8 ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); reasonable attorneys' fees and costs of

9 this action in accordance with ERISA Section 502(g)(1), 29 U.S.C. § 1132(g)(1); reasonable

10 attorney's fees and costs in accordance with the collective bargaining agreement for all Plans, and

11 in accordance with LMRA Section 301, 29 U.S.C. § 185, for all Plaintiffs.

12    3.    For a preliminary and permanent injunction under ERISA Section 502(a)(3), 29

13 U.S.C. § 1132(a)(3), and under ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), against

14 Defendant Advance from violating the terms of the Bargaining Agreements and the governing

15 documents referred to therein, from disposing of any assets until said terms have been complied.

16    4.    For an order pursuant to the Court's equitable power under ERISA Section

17 502(a)(3), 29 U.S.C. § 1132(a)(3), and under ERISA Section 502(g)(2)(E), 29 U.S.C. §

18 1132(g)(2)(E), directing ███████████████████████████

19 ████████████████████████████████████████████

20 ███████████ in furtherance of said violations of the obligation to contribute under ERISA

21 Section 515, 29 U.S.C. § 1145, and to refrain from such conduct in the future until the liability of

22 Defendant Advance to Plaintiff Trust is satisfied.

23    5.    A finding that both Defendant Advance and Defendant Nolin caused Defendant

24 Advance to ██████████████████████████████████

25 ███████████████ California Civil Code Section 3439, et seq.

26    6.    Pursuant to California Civil Code Section 3439.07:

27       (a)    an order against Defendants Defendant Advance and Defendant Nolin

28               ████████████████████████████████

THIRD AMENDED COMPLAINT

1    ███████████████████████████████████

2    ███████████████████████████████; 

3        (b)    a preliminary and permanent injunction against Defendant Advance

4               prohibiting ███████████████████████

5            ███████████████████████████ until Plaintiffs are

6               paid in full;

7        (c)    a preliminary and permanent injunction against Defendant Nolin prohibiting

8               him from transferring any of his material assets without approval of the

9               Court until ██████████████████ are returned to Advance;

10       (d)    interest on the ███████████████; 

11       (e)    punitive damages allowable under █████████████; and

12       (f)    any other relief the circumstances may require.

13      7.    A finding that the ████████████████████████████

14   ████████████████ under California Corporations Code Section 500(b) and 501 and that

15   Defendant Nolin received ███████████████████████.

16      8.    Pursuant to California Corporations Code Section 506, Plaintiffs seek:

17       (a)    an order against Defendants Defendant Advance and Defendant Nolin

18              ███████████████████████████████

19              ███████████████████████████████

20              ████████; 

21       (b)    interest ██████████████; and

22       (c)    reasonable costs.

23      9.    On the successor liability cause of action, that the Court enter a judgment that:

24       (a)    finds Defendant XL Hog a successor of Defendant Advance, jointly and

25              severally liable to Plaintiff Trust to the same extent as Defendant Advance;

26       (b)    enjoins Defendant XL Hog and Defendant Nolin from transferring any

27              material assets of XL Hog without the approval of the Court;

28

THIRD AMENDED COMPAINT

1   (c)    enjoins Defendant Nolin from creating or operating any further entities

2          which provide janitorial or building maintenance services to the current or

3          former clients of Defendant XL Hog and/or Defendant Advance without

4          approval of the Court;

5   (d)    awards to Plaintiff Trust prejudgment interest; and

6   (e)    awards to Plaintiff Trust its reasonable attorneys fees and costs under 29

7          U.S.C. Section 1132(g)..

8   10.    An order, pursuant to California Civil Code Section 2224, ███████████

9   ████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████

12  ██████████.

13  11.    Issuance of a writ of attachment pursuant to California Code of Civil Procedure §§

14  481.010 through 493.060 against Defendants Advance and XL Hog for amounts sought in the

15  First Cause of Action for payment of delinquent contributions under ERISA sections 502(g)(2)

16  and 515 for failing to timely make contributions during the period of January 1, 1999 through July

17  31, 2007 to the Trust in accordance with its obligation to do so under the terms of the Bargaining

18  Agreements entered into between Local 1877 (formerly Local 399) of the Service Employees

19  International Union ('SEIU') and Defendant Advance and the Trust Agreement, as prayed for in

20  paragraph 1 of the Prayer for Relief.

21  12.    That the Court retain jurisdiction of this case pending compliance with its orders.

22  13.    For such other and further relief as the Court may deem just and proper.

23  Date: April 6, 2009                    SALTZMAN & JOHNSON LAW CORPORATION
                                           Philip M. Miller
24                                         Kristen McCulloch

25

26                                         By: _Philip M Mill_____

27                                         Philip M. Miller,
                                           Attorneys for Plaintiffs
28

20                                                              THIRD AMENDED COMPLAINT

1

## PROOF OF SERVICE

2 I, the undersigned, declare:

3 I am employed in the County of San Francisco, State of California. I am over the age of

4 eighteen and not a party to this action. My business address is 44 Montgomery Street, Suite 2110,

5 San Francisco, California 94104.

6 On April 6, 2009, I served the following document on the parties to this action, addressed

7 as follows, in the manner described below:

8
### THIRD AMENDED COMPLAINT
### REDACTED PUBLIC RECODS VERSION

9

10 __XX__   **MAIL,** being familiar with the practice of this office for the collection and the processing of correspondence for mailing with the United States Postal Service, and deposited in the United States Mail copies of the same to the business addresses set forth below, in a sealed

11 envelope fully prepared.

12 *Addressed to:*

13 Peter W. Ross                           Marcia Lynn Pope
Dreier Stein Kahan                      Pillsbury Winthrop Shaw Pittman LLP
14  2121 Avenue of the Stars, 24th Floor   50 Fremont Street
Los Angeles, CA  90067                  San Francisco, CA  94105

15
Steven M. Spector
16 Buchalter Nemer, a Prof. Law Corporation
1000 Wilshire Boulevard, Ste. 1500
17 Los Angeles, California  90017

18 I declare under penalty of perjury that the foregoing is true and correct and that this

19 declaration was executed on this 6th day of April, 2009 at San Francisco, California.

20

21 Julie Jellen

22

23

24

25

26

27

28