1  BROWNE WOODS GEORGE LLP
   Peter W. Ross (No. 109741)
2  2121 Avenue of the Stars, 24th Floor
   Los Angeles, CA  90067
3  Telephone:  310.274.7100
   Facsimile:  310.275.5697
4
   Attorneys for Defendants
5  FORREST I. NOLIN and
   XL HOG, INC.
6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  | CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, and LARRY T. SMITH, Trustee, and CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND derivatively on behalf of ADVANCE BUILDING MAINTENANCE, | CASE NO. C 06 3078 CW |
    | --- | --- |
    | | **ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT** |

               Plaintiffs,

       vs.                                      Action Commenced:  May 8, 2008

    ADVANCE BUILDING
    MAINTENANCE, INC., XL HOG, INC.
    and FORREST I. NOLIN, individually,

               Defendants.

228473_1.DOC

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

1   Defendant Forrest Nolin ("Defendant") answers the third amended complaint

2   ("TAC") of plaintiffs California Service Employees Health & Welfare Trust Fund,

3   ("the Trust") Mike Garcia, Charles Gilchrist, Raymond C. Nann, and Larry T.

4   Smith, and California Service Employees Health & Welfare Trust Fund derivatively

5   on behalf of Advance Building Maintenance (collectively "Plaintiffs"), as follows:

6   **PARTIES**

7   1.      In answer to paragraph 1 of the TAC, Defendant is without sufficient

8   knowledge or information to form a belief as to the truth of the allegations set forth

9   therein, and on that basis denies each and every allegation set forth therein.

10   2.      In answer to paragraph 2 of the TAC, Defendant admits that "Mike

11   Garcia" is listed as a "Union Trustee" in the Agreement and Declaration of Trust of

12   California Service Employees Health and Welfare Trust Fund, amended and

13   restated as of July 19, 2001 (hereinafter "Declaration of Trust"). Defendant admits

14   that "Ray Nann" is listed as an "Employer Trustee" in the Declaration of Trust.

15   Defendant admits that "Larry Smith" is listed as an "Alternate Employer Trustee"

16   in the Declaration of Trust. Defendant admits that "Charlie Gilchrist" is listed as a

17   "Union Trustee" in the Declaration of Trust. Defendant is without sufficient

18   knowledge or information to form a belief as to the truth of any other allegation set

19   forth therein, and on that basis denies each and every other allegation contained

20   therein.

21   3.      In answer to paragraph 3 of the TAC, Defendant admits the allegations

22   contained therein.

23   4.      In answer to paragraph 4 of the TAC, Defendant is without sufficient

24   knowledge or information to form a belief as to the truth of the allegations

25   contained therein and on that basis denies each and every allegation contained

26   therein.

27   5.      In answer to paragraph 5 of the TAC, Defendant admits that XL Hog,

28   Inc. ("XL Hog") is a janitorial services business and is registered to do business in

228473_1.DOC                    -2-

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

the State of California.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that the business of XL Hog affects commerce within meaning of Section 301 of the Labor Management Relations Act (29 U.S.C. Section 185) and denies that allegation on such basis.  Defendant denies each and every other allegation contained therein.

6.     In answer to paragraph 6 of the TAC, Defendant admits that he is and at all relevant times was a shareholder and chief executive officer of Advance Building Maintenance, Inc. and of XL Hog.  Defendant further admits that at all relevant times he has resided in the State of California.  Except as expressly admitted, Defendant denies each and every other allegation contained therein.

7.     In answer to paragraph 7 of the TAC, Defendant admits that this Court has subject matter jurisdiction over certain of Plaintiffs' claims.  Defendant denies each and every other allegation contained therein.

8.     In answer to paragraph 8 of the TAC, Defendant admits that this Court has subject matter jurisdiction over certain of Plaintiffs' claims.  Defendant denies each and every other allegation contained therein.

9.     In answer to paragraph 9 of the TAC, Defendant admits that this Court has chosen to exercise supplemental jurisdiction over certain of Plaintiffs' claims. Defendant denies each and every other allegation contained therein.

## VENUE

10.     In answer to paragraph 10 of the TAC, Defendant denies each and every allegation contained therein.

## INTRADISTRICT ASSIGNMENT

11.     In answer to paragraph 11 of the TAC, Defendant denies each and every allegation contained therein.

## APPLICABLE STATUTORY LAW

12.     In answer to paragraph 12 of the TAC, Defendant is without sufficient knowledge or information to form a belief as to the applicable law in this action,

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

1    and on that basis, denies each and every allegation contained therein.

2         13.    In answer to paragraph 13 of the TAC, Defendant is without sufficient

3    knowledge or information to form a belief as to the applicable law in this action,

4    and on that basis, denies each and every allegation contained therein.

5         14.    In answer to paragraph 14 of the TAC, Defendant is without sufficient

6    knowledge or information to form a belief as to the applicable law in this action,

7    and on that basis, denies each and every allegation contained therein.

8         15.    In answer to paragraph 15 of the TAC, Defendant is without sufficient

9    knowledge or information to form a belief as to the applicable law in this action,

10   and on that basis, denies each and every allegation contained therein.

11        16.    In answer to paragraph 16 of the TAC, Defendant is without sufficient

12   knowledge or information to form a belief as to the applicable law in this action,

13   and on that basis, denies each and every allegation contained therein.

14        17.    In answer to paragraph 17 of the TAC, Defendant is without sufficient

15   knowledge or information to form a belief as to the applicable law in this action,

16   and on that basis, denies each and every allegation contained therein.

17        18.    In answer to paragraph 18 of the TAC, Defendant is without sufficient

18   knowledge or information to form a belief as to the applicable law in this action,

19   and on that basis, denies each and every allegation contained therein.

20                          **STATEMENT OF FACTS**

21        19.    In answer to paragraph 19 of the TAC, Defendant is without sufficient

22   knowledge or information to form a belief as to the allegations set forth therein, and

23   on that basis, denies each and every allegation contained therein.

24                        **"Delinquent Contributions"**

25        20.    In answer to paragraph 20 of the TAC, Defendant is without sufficient

26   knowledge or information to form a belief as to the applicable law or agreements in

27   this action, and on that basis, denies each and every allegation contained therein.

28        21.    In answer to paragraph 21 of the TAC, Defendant is without sufficient

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

1   knowledge or information to form a belief as to the applicable law or agreements in
2   this action, and on that basis, denies each and every allegation contained therein.

3        22.     In answer to paragraph 22 of the TAC, Defendant is without sufficient
4   knowledge or information to form a belief as to the applicable law or agreements in
5   this action, and on that basis, denies each and every allegation contained therein.

6        23.     In answer to paragraph 23 of the TAC, Defendant is without sufficient
7   knowledge or information to form a belief as to the applicable law or agreements in
8   this action, and on that basis, denies each and every allegation contained therein.

9        24.     In answer to paragraph 24 of the TAC, Defendant admits that an
10  examination of the records of Advance Building Maintenance was performed for
11  the period January 1, 1999 through December 31, 2002.  Defendant denies each and
12  every other allegation contained therein.

13       25.     In answer to paragraph 25 of the TAC, Defendant denies each and
14  every allegation contained therein.

15       26.     In answer to paragraph 26 of the TAC, Defendant denies each and
16  every allegation contained therein.

17       27.     In answer to paragraph 27 of the TAC, Defendant admits that Advance
18  Building Maintenance has received demands for payment.  Defendant denies each
19  and every other allegation contained therein.

20       28.     In answer to paragraph 28 of the TAC, Defendant denies each and
21  every allegation contained therein.

22       29.     In answer to paragraph 29 of the TAC, Defendant is without sufficient
23  knowledge or information to form a belief as to the truth of the allegations set forth
24  therein, and on that basis denies each and every allegation contained therein.

25       30.     In answer to paragraph 30 of the TAC, Defendant is without sufficient
26  knowledge or information to form a belief as to the truth of the allegations set forth
27  therein, and on that basis denies each and every allegation contained therein.

28       31.     In answer to paragraph 31 of the TAC, Defendant is without sufficient

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

1  knowledge or information to form a belief as to the truth of the allegations set forth

2  therein, and on that basis denies each and every allegation contained therein.

3       32.    In answer to paragraph 32 of the TAC, Defendant is without sufficient

4  knowledge or information to form a belief as to the truth of the allegations set forth

5  therein, and on that basis denies each and every allegation contained therein.

6  <center>**"Fraudulent and Illegal Transfers"**</center>

7       33.    In answer to paragraph 33 of the TAC, Defendant denies each and

8  every allegation contained therein.

9       34.    In answer to paragraph 34 of the TAC, Defendant denies each and

10  every allegation contained therein.

11       35.    In answer to paragraph 35 of the TAC, Defendant denies each and

12  every allegation contained therein.

13       36.    In answer to paragraph 36 of the TAC, Defendant denies each and

14  every allegation contained therein.

15       37.    In answer to paragraph 37 of the TAC, Defendant denies each and

16  every allegation contained therein.

17       38.    In answer to paragraph 38 of the TAC, Defendant denies each and

18  every allegation contained therein.

19  <center>**"Defendant XL Hog Is Successor of Defendant Advance"**</center>

20       39.    In answer to paragraph 39 of the TAC, Defendant admits the

21  allegations contained therein.

22       40.    In answer to paragraph 40 of the TAC, Defendant admits the

23  allegations contained therein.

24       41.    In answer to paragraph 41 of the TAC, Defendant denies each and

25  every allegation contained therein.

26       42.    In answer to paragraph 42 of the TAC, Defendant admits the

27  allegations contained therein.

28       43.    In answer to paragraph 43 of the TAC, Defendant denies each and

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

1   every allegation contained therein.

2         44.    In answer to paragraph 44 of the TAC, Defendant admits the

3   allegations contained therein.

4         45.    In answer to paragraph 45 of the TAC, Defendant denies each and

5   every allegation contained therein.

6         46.    In answer to paragraph 46 of the TAC, Defendant admits that in

7   November 2008 he was aware of the claim of Plaintiff.  Defendant denies each and

8   every other allegation contained therein.

9         47.    In answer to paragraph 47 of the TAC, Defendant admits the

10   allegations contained therein.

11         48.    In answer to paragraph 48 of the TAC, Defendant denies each and

12   every allegation contained therein.

13         49.    In answer to paragraph 49 of the TAC, Defendant denies each and

14   every allegation contained therein.

15         **FIRST CAUSE OF ACTION**

16         50.    In answer to paragraph 50 of the TAC, Defendant incorporates by

17   reference paragraphs 1-49 above as though they were fully set forth herein.

18         51.    In answer to paragraph 51 of the TAC, Defendant denies each and

19   every allegation contained therein.

20         52.    In answer to paragraph 52 of the TAC, Defendant denies each and

21   every allegation contained therein.

22         53.    In answer to paragraph 53 of the TAC, Defendant denies each and

23   every allegation contained therein.

24         **SECOND CAUSE OF ACTION**

25         54.    In answer to paragraph 54 of the TAC, Defendant incorporates by

26   reference paragraphs 1-53 above as though they were fully set forth herein.

27         55.    In answer to paragraph 55 of the TAC, Defendant denies each and

28   every allegation contained therein.

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

1   56.   In answer to paragraph 56 of the TAC, Defendant denies each and
2   every allegation contained therein.

3   57.   In answer to paragraph 57 of the TAC, Defendant denies each and
4   every allegation contained therein.

5   58.   In answer to paragraph 58 of the TAC, Defendant denies each and
6   every allegation contained therein.

7   **THIRD CAUSE OF ACTION**

8   59.   In answer to paragraph 59 of the TAC, Defendant incorporates by
9   reference paragraphs 1-58 above as though they were fully set forth herein.

10   60.   In answer to paragraph 60 of the TAC, Defendant denies each and
11   every allegation contained therein.

12   61.   In answer to paragraph 61 of the TAC, Defendant denies each and
13   every allegation contained therein.

14   62.   In answer to paragraph 62 of the TAC, Defendant denies each and
15   every allegation contained therein.

16   63.   In answer to paragraph 63 of the TAC, Defendant denies each and
17   every allegation contained therein.

18   **FOURTH CAUSE OF ACTION**

19   64.   In answer to paragraph 64 of the TAC, Defendant incorporates by
20   reference paragraphs 1-63 above as though they were fully set forth herein.

21   65.   In answer to paragraph 65 of the TAC, Defendant denies each and
22   every allegation contained therein.

23   66.   In answer to paragraph 66 of the TAC, Defendant denies each and
24   every allegation contained therein.

25   67.   In answer to paragraph 67 of the TAC, Defendant denies each and
26   every allegation contained therein.

27   68.   In answer to paragraph 68 of the TAC, Defendant denies each and
28   every allegation contained therein.

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

69.     In answer to paragraph 69 of the TAC, Defendant denies each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

70.     In answer to paragraph 70 of the TAC, Defendant incorporates by reference paragraphs 1-69 above as though they were fully set forth herein.

71.     In answer to paragraph 71 of the TAC, Defendant denies each and every allegation contained therein.

72.     In answer to paragraph 72 of the TAC, Defendant denies each and every allegation contained therein.

73.     In answer to paragraph 73 of the TAC, Defendant denies each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

74.     In answer to paragraph 74 of the TAC, Defendant incorporates by reference paragraphs 1-73 above as though they were fully set forth herein.

75.     In answer to paragraph 75 of the TAC, Defendant denies each and every allegation contained therein.

76.     In answer to paragraph 76 of the TAC, Defendant denies each and every allegation contained therein.

77.     In answer to paragraph 77 of the TAC, Defendant denies each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION

78.     In answer to paragraph 78 of the TAC, Defendant incorporates by reference paragraphs 1-77 above as though they were fully set forth herein.

79.     In answer to paragraph 79 of the TAC, Defendant is without sufficient knowledge or information to form a belief as to the applicable law in this action, and on that basis, denies each and every allegation contained therein.

80.     In answer to paragraph 80 of the TAC, Defendant is without sufficient knowledge or information to form a belief as to the applicable law in this action,

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

1    and on that basis, denies each and every allegation contained therein.

2        81.    In answer to paragraph 81 of the TAC, Defendant denies each and

3    every allegation contained therein.

4        82.    In answer to paragraph 82 of the TAC, Defendant admits that he is the

5    chief executive officer, chairman and member of the board of directors and sole

6    shareholder of Advance Building Maintenance, Inc. and that, before the

7    appointment of the receiver, he had control over its management decisions.

8    Defendant denies each and every other allegation contained therein.

9        83.    In answer to paragraph 83 of the TAC, Defendant denies each and

10   every allegation contained therein.

11                            **AFFIRMATIVE DEFENSES**

12       84.    Defendant sets forth below his affirmative defenses.  By setting forth

13   these affirmative defenses, Defendant does not assume the burden of proving any

14   fact, issue or element of any claim for relief where such burden properly belongs to

15   Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an

16   acknowledgment that any particular issue or subject matter necessarily is relevant to

17   Plaintiffs' allegations.

18                         **First Affirmative Defense**

19                      **(Failure to State a Claim for Relief)**

20       85.    Plaintiffs' TAC fails to state facts sufficient to constitute a claim for

21   relief against Defendant.

22                        **Second Affirmative Defense**

23                            **(Lack of Standing)**

24       86.    Plaintiffs lack standing to bring the claims alleged.

25                         **Third Affirmative Defense**

26                         **(Statute of Limitations)**

27       87.    Plaintiffs' claims are barred by the applicable statutes of limitations,

28   including, but not limited to, California Civil Procedure Code § 337.

228473_1.DOC                        -10-

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

**Fourth Affirmative Defense**

**(Laches)**

88.     Plaintiffs' claims are barred by the doctrine of laches.

**Fifth Affirmative Defense**

**(Estoppel and/or Quasi Estoppel)**

89.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel and/or quasi-estoppel.

**Sixth Affirmative Defense**

**(Unclean Hands)**

90.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**Seventh Affirmative Defense**

**(Mootness)**

91.     Plaintiffs' claims are barred, in whole or in part, to the extent that the claims or the relief sought are moot.

**Eighth Affirmative Defense**

**(Adequate Remedy at Law)**

92.     Plaintiffs' cause of action and any injunctive or restitution remedies, are barred in light of the fact that Plaintiffs have an adequate remedy at law.

**Ninth Affirmative Defense**

**(Waiver)**

93.     Plaintiffs have waived their claims.

**Tenth Affirmative Defense**

**(Uncertainty)**

94.     Plaintiffs are not entitled to the relief requested in the TAC because the Court lacks any sufficiently certain, non-speculative basis on which to fashion such relief.

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Eleventh Affirmative Defense**

**(Failure to Exhaust Remedies)**

95.    Plaintiffs have failed to exhaust all administrative and/or collective bargaining remedies prior to filing their TAC.

**Twelfth Affirmative Defense**

**(Set-Off)**

96.    Defendant is entitled to a set-off, should any damages be awarded against him, for the amount of any mistaken contributions paid by Defendant to Plaintiffs, or for any other payments made by Defendant to Plaintiffs that have been inaccurately accounted for by Plaintiffs or their auditors.

**Thirteenth Affirmative Defense**

**(Unjust Enrichment)**

97.    Plaintiffs should be forced to give up any gains that they acquired wrongfully or that it would be wrongful for Plaintiffs to keep.

**Fourteenth Affirmative Defense**

**(Failure to Mitigate Damages)**

98.    Plaintiffs are not entitled to the relief requested in the TAC because they failed to mitigate any purported damages.

**Fifteenth Affirmative Defense**

**(Cal. Civ. Code § 3439.08)**

99.    Plaintiffs are not entitled to the relief requested because any amount that was transferred from Defendant was taken in good faith and for a reasonably equivalent value.

**Sixteenth Affirmative Defense**

**(Mediation Privilege)**

100.   Plaintiffs are not entitled to the relief requested based on any of the allegations first made in the amended complaint because all such allegations both result from and themselves constitute violations of the mediation privilege by

228473_1.DOC                                                                    -12-

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**

1 | plaintiffs and their counsel.

2 | **Seventeenth Affirmative Defense**

3 | **(Collateral Estoppel / *Res Judicata*)**

4 | 101.   Plaintiffs' claims are barred by the doctrines of collateral estoppel and

5 | *res judicata*.

6 | **Eighteenth Affirmative Defense**

7 | **(Additional Defenses)**

8 | 102.   Defendant hereby gives notice that he intends to rely upon any other

9 | defense that may become available or appear during the discovery proceedings in

10 | this case and hereby reserves its right to amend its Answer to assert any such

11 | defenses.

12 | **PRAYER FOR RELIEF**

13 | Defendant prays for entry of judgment in his favor and against Plaintiffs as

14 | follows:

15 | i.   That the TAC be dismissed in its entirety;

16 | ii.   that Plaintiffs take nothing by way of the TAC;

17 | iii.   that Defendant recover his costs, disbursements and attorneys'

18 | fees in this action; and

19 | iv.   for such other and further relief as this Court deems just and

20 | proper.

21 |

22 | Dated:  May 4, 2009                    BROWNE WOODS GEORGE LLP

23 |

24 | By  /S/ - Peter W. Ross

25 | Peter W. Ross

26 | Attorneys for Defendants
FORREST I. NOLIN and XL HOG, INC.

27 |

28 |

228473_1.DOC

-13-

**ANSWER OF FORREST NOLIN TO THIRD AMENDED COMPLAINT**