UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> ADVANCE BUILDING MAINTENANCE, <br><br> Defendant(s). | No. C06-03078 CW (BZ) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO (1) REMOVE ALL DESIGNATIONS OF "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" AND (2) REVISE PROTECTIVE ORDER** |

Before me is plaintiffs' motion to remove "Highly Confidential - Attorneys' Eyes Only" designations from all documents and transcripts, compel deposition answers, and revise the protective order.

**I.   Removal of "Highly Confidential - Attorneys' Eyes Only"**

Plaintiffs contend that all documents bearing "Highly Confidential - Attorneys' Eyes Only" are improperly designated for three reasons: (1) defendants have not met their burden in showing that the documents require a "Highly Confidential - Attorneys' Eyes Only" level of protection; (2) defendants have not established a valid privacy interest under the California

1

1  Constitution; and (3) any purported confidential information
2  is now stale.  Defendants oppose the motion and argue that:
3  (1) disclosure of Advance's financial documents will create a
4  substantial risk of serious injury to XL Hog; and (2)
5  information Defendant Nolin designated as "Highly Confidential
6  - Attorneys' Eyes Only" can be withheld pursuant to his right
7  to privacy under the California Constitution.
8       A party making a motion asserting good cause for a
9  protective order under Rule 26(c) "bears the burden, for each
10 particular document it seeks to protect, of showing that
11 specific prejudice or harm will result if no protective order
12 is granted."  *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307
13 (N.D. Cal. 2005).  Where a business is seeking protection, it
14 must show through specific demonstrations of fact that
15 disclosure would cause significant harm to its competitive and
16 financial position.  *Id.*  If the court finds that the party
17 asserting protection has met their burden, the court must then
18 balance the public and private interests to decide whether
19 protection is warranted.  *Id.* at 308.  "A party who has never
20 made a 'good cause' showing under Rule 26(c) justifying
21 initial protection of disputed documents may not rely solely
22 on the protective order to justify refusal when there is a
23 reasonable request for disclosure."  *Id.*
24      Here, Advance designated virtually all documents as
25 either "Highly Confidential - Attorneys' Eyes Only" or
26 "Confidential."  Defendants Nolin and XL Hog cannot simply
27 rely on Advance's designations without showing good cause for
28 protection.  Defendants broadly claim that the documents at

2

issue contain trade secrets worthy of protection and that designating the documents "Highly Confidential - Attorneys' Eyes Only" is the only method to keep vital documents away from Plaintiff-Trustee Larry T. Smith, a senior officer at American Building Maintenance, a lead competitor of XL Hog. I disagree.  The documents in contention appear to contain financial information that does not require a designation of "Highly Confidential - Attorneys' Eyes Only."  Concerns about keeping it from Mr. Smith can be met by designating some of this information as "Confidential" and restricting Mr. Smith's access.  Turning to each specific category of documents:

    (A) The Appraisal Report and Marketing Brochure appear to have been created for the sole purpose of assisting in the receivership sale of Advance and were intended to be disclosed to prospective purchasers who are likely to be defendants' competitors.  The information in it is also dated.  Accordingly, defendants have not shown that these documents deserve any confidentiality under Rule 26(c);

    (B) Advance's monthly financial statements, schedules of revenues, costs, and expenses, general ledgers, trial balances, and balance sheets (AB 001553 - AB 002472; SV 0001 - SV 0154) are financial documents which do not warrant "Highly Confidential - Attorneys' Eyes Only" designations.  Much of the information is dated.  Defendants have shown, however, that these documents do contain some confidential information and should be offered some level of protection.  These documents shall be designated as "Confidential" and Mr. Smith shall be

3

1 denied access to these documents;
2 (C) Advance's dividend distributions and bonus
3 compensation paid to Forrest Nolin (FN 00001 - FN 00013)
4 contain financial information that is at issue here.
5 While I am cognizant of Defendant Nolin's privacy rights
6 under the California Constitution, they are not
7 controlling in federal court. *See* <u>Soto v. City of</u>
8 <u>Concord</u>, 162 F.R.D. 603, 616 (N.D. Cal. 1995). In
9 balancing the relevancy of and need for these documents
10 with Defendant Nolin's privacy interest, I find that
11 these documents should be disclosed to plaintiffs as
12 "Confidential," and Mr. Smith should be denied access to
13 these documents;
14 (D) Defendants have failed to establish that Advance's
15 invoice for the Porsche lease paid by Advance for Forrest
16 Nolin for the period of May 2005 - June 2007 (FN 00014 -
17 FN 00044) contains confidential information which can be
18 protected under Rule 26(c);
19 (E) The deposition transcripts of Forrest Nolin, Perla
20 Mosieznicki, Thuy Chung, and Steven Vallen are not
21 confidential documents. To the extent the transcripts
22 contain confidential information, defendants cannot
23 broadly mark the entire transcript as confidential.
24 Defendants have not shown that the transcripts deserve
25 confidentiality under the protective order.

**II. Deposition Answers**

27 Plaintiffs move to compel answers from Forrest Nolin,
28 Perla Mosieznicki, and Thuy Chung to deposition questions that

4

1  defense counsel instructed the witnesses not to answer.  The
2  categories of questions relate to: (1) the home addresses of
3  deponents; (2) the reason Advance's controller never obtained
4  her CPA license though she passed the CPA examination; (3) the
5  reason for placing Advance in receivership; (4) what Nolin did
6  with the money he received as bonuses and dividends that are
7  at issue in this suit; (5) whether Nolin owns any real estate
8  or personal residences; (6) the location of Advance's bank
9  accounts; (7) the business locations of Advance; (8) the
10 number of employees with the title of Assistant Project
11 Manager; (9) how much square feet of cleaning space; (10) the
12 number of employees who received and the amount of year-end
13 bonuses earned by Advance's employees during 2004-2007; and
14 (11) the type of and auto expense deduction for an automobile
15 leased by Advance for Nolin's use.
16      After reviewing the objections, I find that only the
17 questions relating to the home addresses of deponents and the
18 reason Advance's controller never obtained her CPA license
19 were the subject of proper objection and instruction.
20 Defendants shall answer the remaining question categories (3)
21 through (11).  Depending on the answer, it may be appropriate
22 to protect as confidential some of the answers.
23 **III. Revising the Protective Order**
24      Plaintiffs' request that the protective order should be
25 revised in various respects is **DENIED**.  The stipulated
26 protective order is based on the model order adopted by the
27 court, which provides detailed instructions for designating
28 material as protected and for disclosure of protected

materials.  Plaintiffs have provided no compelling reason for the court to revise the order.  The problem here is improper designation of documents as confidential.  The parties are admonished henceforth to be guided by Section 5.1 of the Model Order and exercise appropriate restraint.

## CONCLUSION

The Court finds no need for argument and **VACATES** the hearing scheduled for **October 7, 2009**.  **IT IS ORDERED** that defendants **SHALL** produce documents consistent with this order.  Plaintiffs **SHALL NOT** provide any documents properly designated as "Confidential" to Plaintiff-Trustee Larry T. Smith.  Plaintiffs' request to revise the protective order is **DENIED**.

Dated: October 6, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\CA.SERVICE EMPLOYEES\ORDER.GRANT.DENY.REMOVE.DESIGNATIONS.wpd

6