UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, et al.,<br><br>      Plaintiff(s),<br><br>  v.<br><br>ADVANCE BUILDING MAINTENANCE,<br><br>      Defendant(s). | No. C06-3078 CW (BZ)<br><br>**ELEVENTH DISCOVERY ORDER** |

    Before the Court is plaintiffs' motion to compel discovery.[1] Plaintiffs request four forms of discovery relief: (1) documents responsive to Request for Production Set No. 1 (RFP 1); (2) documents responsive to Request for Production Set No. 2 (RFP 2); (3) written responses to Interrogatories Set No. 1; and (4) time to further depose defendant Forrest Nolin.[2] The requested discovery concerns

---

[1] This motion seeks relief only against defendant Forrest Nolin.

[2] Plaintiffs have withdrawn their motion to compel responses to Interrogatories 16-22. In the reply brief, plaintiffs claim that Nolin did not address its motion to

1

three topics: (1) Nolin's receipt and use of funds received from Advance Building Maintenance (Advance); (2) the disposition of Advance's assets; and (3) alternative sources of funds available to Nolin.

### Nolin's Receipt and Use of Funds Received from Advance[3]

Nolin objects to discovery falling into this category and argues that it is irrelevant and protected by the right to privacy.[4] The Opposition fails to address plaintiffs relevancy arguments however. As articulated in the motion, Judge Wilken previously held that under ERISA a plaintiff is entitled and required to "trace" the disputed funds to be eligible for certain relief under 29 U.S.C. § 1132. <u>Bd. of Trustees for the Laborers Health and Welfare Trust Fund for</u>

---

compel regarding Interrogatories 10-15. These interrogatories were not mentioned in the Notice of Motion, the Proposed Order, or the Conclusion section of the Motion. Further, plaintiffs state in their Motion that "Plaintiffs will not move for further responses to the interrogatories." Motion at p. 7 n. 4. To the extent that plaintiffs still move to compel responses to these interrogatories, that motion is **DENIED.**

[3] This section will address the following discovery requests: RFP 1 Nos. 1-11, RFP 2 Nos. 2-6, Interrogatories 2-3, 5-6, and deposition questions regarding this topic.

[4] In the Opposition, Nolin also argues that the attorney-client privilege may apply. However, no privilege log has been produced, and Nolin has therefore waived any claim to privilege. "The party asserting the attorney-client privilege has the burden of proving that the privilege applies to a given set of documents or communications." <u>In re Grand Jury Investigation</u>, 974 F.2d 1068, 1070 (9th Cir. 1992). See e.g., <u>Burch v. Regents of the Univ. of Calif.</u>, 2005 WL 6377313 (N.D.Cal. Aug. 30, 3005) (finding that a six month delay in the production of a privilege log with no factors in mitigation constituted a waiver of privileges) citing <u>Burlington Northern & Santa Fe Railway Co.</u>, 408 F.3d 1142, 1149 (9th Cir. 2005).

2

1 Northern California v. Hill, 2008 WL 5047705, *6 (N.D.Cal.
2 2008).  Nolin's relevancy objections are **OVERRULED.**
3     Nolin next argues that the documents and responses are
4 protected by the right to privacy.  "The right to
5 informational privacy, however, 'is not absolute . . . .'"
6 Crawford v. United States Trustee, 194 F.3d 954, 958-59 (9th
7 Cir. 1999) citing Doe v. Attorney General, 941 F.2d 780, 796
8 (9th Cir. 1991).  "Resolution of a privacy objection . . .
9 requires a balancing of the need for the information sought
10 against the privacy right asserted."  Soto v. City of Concord,
11 162 F.R.D. 603, 616 (N.D.Cal. 1995).  Here, Nolin's finances
12 squarely are at issue by the very nature of plaintiffs'
13 allegations.  Without discovery, plaintiffs will be unable to
14 trace any of the funds that they allege were improperly taken
15 from Advance.  The information sought may well compromise
16 Nolin's right to privacy, as plaintiffs essentially seek
17 disclosure of all of Nolin's expenditures for a four year
18 period.  Nevertheless, in balancing the need with the right to
19 privacy, I find that the information is discoverable and that
20 Nolin must provide responsive documents, answers to
21 interrogatories, and respond to deposition questions regarding
22 what he did with the funds at issue in this case.  Nolin's
23 privacy objections are **OVERRULED**.  Any concerns regarding
24 confidentiality can be addressed by the relevant provision of
25 the Protective Order.

**Disposition of Advance's Assets[5]**

Nolin objects to the discovery requests in this category, claiming that he has produced all responsive documents or that none exist.[6] Opposition at 14-16. Plaintiffs have provided no evidence other than argument that Nolin has failed to produce a single document responsive to the requests in this category. Nolin filed a declaration stating that he has provided and continues to provide every responsive document in his possession, custody, and control. Opp. Ex. 6 at 4. Further, plaintiffs have not made any evidentiary showing that the documents previously produced by XL Hog or the state receiver fail to adequately address the current disputed discovery requests. Without actual evidence that Nolin continues to withhold a single responsive document to these discovery requests, the motion must be denied. Accordingly, the motion to compel the production of documents in this category is **DENIED WITHOUT PREJUDICE**.

---

[5] This section will address the following discovery requests: RFP 1 No. 12 and RFP 2 Nos. 10, 12-15. This category also addresses discovery requests regarding the sale of Advance, the reasons for placing Advance in receivership, and documents related to the potential sale of Advance. Though these discovery requests are topically distinct, the arguments supporting and opposing the motion to compel are identical.

[6] The Court will not address defendant's boilerplate objections asserted in the responses to discovery requests. Defendant objected on the same seven grounds to nearly every discovery request, but failed to argue nearly all of those grounds in his opposition to this motion to compel. The Court will only address the objections argued in this motion to compel.

**Alternative Sources of Funds**[7]

Nolin's sole objection to the document requests and interrogatories concerning alternative sources of funds is that he has already provided a sufficient response during his deposition.  Nolin contends that his very brief answer during a deposition is sufficient to moot two requests for production and two interrogatories.[8]  Opposition at 13.  However, plaintiffs are entitled to not just a bottom line answer, but some details regarding alternative sources of funds.[9]

**Identification of Documents that Support the Responses to Interrogatories 1 Through 22**

Nolin objects to Interrogatory No. 23 and claims that the response is protected by the attorney work-product doctrine. Nolin did not however cite any supporting authority.  Courts have compelled responses to interrogatories that require the answering party to identify documents which support an interrogatory answer.  See e.g., <u>Martinez v. City of Fresno</u>, 2009 WL 129946, 3 (E.D.Cal. 2009).  I do not read the interrogatory as invading the work product rule by seeking only documents which counsel reviewed in answering each interrogatory.   Nolin's objections are **OVERRULED**.  If he

---

[7] This section will address the following discovery requests: RFP 2 Nos. 7-8 and Interrogatories 7-8.

[8] In response to the question "but you did have other assets, stocks, bonds, some sort of other assets that you could have liquidated, but you chose instead to take money out of Advance Building Maintenance?" Nolin responded, "Yes." Opp. at 13.

[9] Defendant did not maintain any objection on the grounds of overbreadth, relevance, or burden to these discovery requests.

wishes, Nolin may respond to Interrogatory No. 23 with a response pursuant to Rule 33(d).

**Conclusion**

**IT IS ORDERED THAT:**

1. Plaintiffs Motion to Compel is **GRANTED IN PART** and **DENIED IN PART.**

2. Defendant **SHALL** search for and provide responsive documents to RFP 1 Nos. 1-11 and RFP 2 Nos. 2-8 by **APRIL 30, 2010**. If defendant's search reveals no responsive documents, he **SHALL** file a declaration to that effect.

2. Defendant **SHALL** provide responses to Interrogatories Nos. 2-3 and 5-8 by **APRIL 30, 2010**.

3. Plaintiffs are given leave to take the deposition of Nolin for an additional 3.5 hours concerning the topics addressed in this Order and the responsive documents produced.

Dated: April 5, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\CA.SERVICE EMPLOYEES\DISC ORDER 11.wpd