UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, et al.,<br><br>  Plaintiff(s),<br><br>  v.<br><br>ADVANCE BUILDING MAINTENANCE,<br><br>  Defendant(s). | No. C06-3078 CW (BZ)<br><br>**TWELFTH DISCOVERY ORDER** |

Before the Court is plaintiffs' motion for sanctions relating to the discovery dispute resolved by Order dated April 5, 2010, Doc. No. 445.[1] Under Federal Rule of Civil Procedure 37(a)(5)(C) "if the motion [to compel] is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fees should not be awarded where "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award

---

[1] The categories of discovery in this order track Document No. 444.

1

of expenses unjust." Rule 37(a)(5)(A)(ii), (iii).

I find that Nolin's responses and objections to the discovery requests on the grounds of privacy were made without substantial justification. In a similar case, Judge Wilken ruled that plaintiffs had an obligation to trace assets. <u>Bd. of Trustees for the Laborers Health and Welfare Trust Fund for Northern California v. Hill</u>, 2008 WL 5047705, *6 (N.D.Cal. 2008). By Order dated October 6, 2009, I overruled Nolin's privacy objections, finding that documents concerning Advance's dividend distributions and compensation paid to Nolin were not protected by Nolin's right to privacy. Doc. No. 424 at 4. Further, I ordered defendants to "produce documents consistent with this order." <u>Id.</u> at 6. Nolin now asserts the same privacy objections. I find that Plaintiffs are entitled to their fees associated with the portion of the motion to compel that Nolin resists on the grounds of privacy.

As I did not rule in plaintiffs' favor regarding documents concerning the disposition of Advance's assets, plaintiffs are not entitled to fees for that portion of the motion.

Plaintiffs are entitled to fees for the part of the motion related to "Alternative Sources of Funds." I find that Nolin's response to the discovery requests regarding this topic was inadequate to answer all four disputed requests. Opposition at 13. I find that Nolin did not have substantial justification to believe that his very brief answer in a deposition mooted the two requests for production and two interrogatories.

2

Finally, I find that plaintiffs are not entitled to fees regarding Interrogatory No. 23. While I ordered Nolin to respond to that interrogatory, neither party submitted any authority for their respective positions. As neither party's briefing was helpful in resolving this particular dispute, I find that plaintiffs are not entitled to fees in connection with Interrogatory No. 23.

Plaintiffs' request for fees under Rule 37 is **GRANTED IN PART** and **IT IS ORDERED** that plaintiffs submit a request for fees consistent with this Order and in accordance with Civil Local Rule 54-5(b) by **APRIL 15, 2010**. Any request for additional sanctions is **DENIED**.

Dated: April 5, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\CA.SERVICE EMPLOYEES\DISC ORDER 12.wpd

3