```
                   UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA


CALIFORNIA SERVICE EMPLOYEES )
HEALTH & WELFARE TRUST FUND, )
et al.,                      )       No. C06-3078 CW (BZ)
                             )
          Plaintiff(s),      )       ORDER CERTIFYING FACTS
                             )       RE CONTEMPT
     v.                      )
                             )
ADVANCE BUILDING             )
MAINTENANCE,                 )
                             )
          Defendant(s).      )
                             )
_____)
```

Plaintiffs have moved the Court pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) for an order certifying certain facts which they deem to constitute civil contempt of defendant Forrest I. Nolin. Having reviewed the voluminous papers filed by both sides in connection with this motion, I certify the following facts as evidencing acts of Nolin which constitute disobedience of court orders:

    1. On April 5, 2010 I issued the Eleventh Discovery Order in this case, which directed Nolin to provide further discovery requests by April 30, 2010. Doc. No. 445.

1

1  2. On April 5, 2010 I issued the Twelfth Discovery Order in this case which held that certain of Nolin's positions lacked substantial justification, such that plaintiffs were entitled to some attorney fees. Doc. No. 446. Plaintiffs were ordered to submit a request for fees. Instead, the parties stipulated and I ordered that Nolin personally pay plaintiffs $12,500 by April 30, 2010. Doc. No. 451. Nolin did not pay the $12,500 in attorney fees by April 30, 2010 citing financial hardship. I have found no evidence of financial hardship to justify the late payment. Shortly after plaintiffs filed their motion for contempt sanctions on May 28, 2010, Nolin paid $4,000 on June 9, 2010 and the remainder on July 1, 2010. The checks were issued by Advance Building Maintenance, Inc., not by Nolin. Nolin has provided no reason for having Advance pay rather than paying personally as ordered.

3. In the Eleventh Discovery Order I ordered defendant to "search for and provide responsive documents to RFP 1 Nos. 1-11 and RFP 2 Nos. 2-8 by **APRIL 30, 2010**. If defendant's search reveals no responsive documents, he **SHALL** file a declaration to that effect.[1]" The documents sought were a variety of financial records.

4. In response to the Eleventh Discovery Order Nolin produced some account statements from First Private Bank & Trust and Morgan Stanley by the deadline. One statement from First Private Bank was produced late on June 2, 2010.

---

[1] The disputed requests for production are restated on pages 2-3 of plaintiffs' Motion.

2

1     5. RFP 2, No. 7 required Nolin to "produce all Form W-2s and Form 1099s you received during the period of January 1, 2006 through December 31, 2007" by April 30, 2010. Nolin did not produce the requested 1099s until July 13, 2010 and has not produced the 2006 W-2 for Bartels' Harley Davidson.

    6. In the Eleventh Discovery Order I ordered defendant to "provide responses to Interrogatories Nos. 2-3 and 5-8 by **APRIL 30, 2010.**" Doc. No. 445.

    7. Interrogatory No. 2 requests that Nolin "state with specificity what you used each distribution received by you from Advance Building Maintenance, Inc. [for] during the period January 1, 2006 through 2008." In response, Nolin referred plaintiffs to 219 pages of documents which contain bank records pursuant to Federal Rule 33(d). Nolin stated that he would lodge copies of all 219 pages, which the Court has not received. Opposition p. 12: 2-3. I find this response to be inadequate as Nolin could have answered this question much more directly by simply stating his expenditures and it is much easier for him to review his bank records than for plaintiffs.

    Plaintiffs further request that I find the following facts as a basis for contempt, which I decline to do.

    1. Nolin did not produce personal tax returns in response to the Twelfth Discovery Order. None of the RFPs specifically demanded Nolin's tax returns.

    2. In response to the request for financial records, Nolin initially did not produce any documents beyond the date of the original request, December 31, 2008. I do not find

3

1  that the Eleventh Discovery Order required him to produce
2  responsive documents which post-date the underlying discovery
3  request.  Further, Nolin has subsequently produced records
4  from the subsequent two years.

5      3.   RFP 2, No. 7 required Nolin to "produce all Form W-
6  2s and Form 1099s you received during the period of January 1,
7  2006 through December 31, 2007."  The W-2s from Advance were
8  in plaintiffs' possession prior to filing the Eleventh
9  Discovery Order and Nolin's response is therefore adequate.

10     4.   In the Eleventh Discovery Order I ordered defendant
11 to "provide responses to Interrogatories Nos. 2-3 and 5-8 by
12 **APRIL 30, 2010.**"  Doc. No. 445.

13     5.   Interrogatory No. 3 requests that "For each
14 distribution received by you from Advance Building
15 Maintenance, Inc. during the period January 1, 2006 through
16 2008, identify with specificity the name and address of the
17 bank or entity, the date of the deposit or transfer, and the
18 amount deposited or transferred of the distribution received
19 by you from Advance Building Maintenance, Inc. during the
20 period January 1, 2006 through 2008."  Nolin responded by
21 listing the responsive details for three transactions, a
22 response which I find adequate.

23     6.   Interrogatory No. 7 asks Nolin to "identify with
24 specificity all of your sources of income during the period
25 January 1, 2006 though today."  Nolin adequately responded by
26 listing Advance and Bartels'.  Plaintiffs provided no evidence
27 that Nolin received income from any other sources.

28     7.   Interrogatory No. 8 asks Nolin "for each source of

1  income identified in your response to the preceding
2  interrogatory, state with specificity the amount of income
3  received by you for each year 2006, 2007, 2008." Nolin
4  responded by listing amounts for each employer identified in
5  Interrogatory No. 7 and did not detail dividend or interest
6  income from Bartels', Advance, or Morgan Stanley. Though
7  Nolin did not list dividend income, I do not find that the
8  Eleventh Discovery Order clearly and unambiguously required
9  him to do so.

10      8. Interrogatory No. 23 asks Nolin to "identify with
11 specificity all documents that support each response to each
12 of the preceding Interrogatories." Nolin responded pursuant
13 to Rule 33(d) by identifying documents, as I specifically
14 allowed him to do in the Eleventh Discovery Order. His
15 response is therefore adequate.

16      For the foregoing reasons, **IT IS HEREBY ORDERED** that
17 Defendant Nolin shall appear before Judge Wilkin at the time
18 scheduled by the Court to show cause why he should not be
19 adjudged in contempt of court or otherwise sanctioned for his
20 failures to comply with court orders, as specified herein.
21 Dated: September 2, 2010

                                 _____
                                 Bernard Zimmerman
                                 United States Magistrate Judge

G:\BZALL\-REFS\CA.SERVICE EMPLOYEES\ORDER CERTIFYING FACTS RE CONTEMPT BZ VERSION 2.wpd

5