# EXHIBIT A

# TO DECLARATION OF

# PHILIP M. MILLER

PHILIP M. MILLER (SBN 87877)
KRISTEN McCULLOCH (SBN 177558)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
pmiller@sjlawcorp.com
kmcculloch@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, MIKE GARCIA, Trustee, CHARLES GILCHRIST, Trustee, RAYMOND C. NANN, Trustee, and LARRY T. SMITH, Trustee, and CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND derivatively on behalf of ADVANCE BUILDING MAINTENANCE, INC. | CASE NO.:  C 06-03078 CW<br><br>**FOURTH AMENDED COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| ADVANCE BUILDING MAINTENANCE, INC., XL HOG, INC. and FORREST I. NOLIN, individually, | |
| Defendants. | |

P:\CLIENTS\CSEHT\Cases\ADVA2\Pleadings\4th Amnd Cmplt\4th Amend Comp.doc

**PARTIES**

1.  Plaintiff California Service Employees Health & Welfare Trust Fund ("the Trust") is a multiemployer joint labor-management welfare fund established pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c). The Trust maintains an office and is administered in Alameda, California. Its purpose is to provide health and welfare and related benefits to the eligible employees of employers who contribute to the Trust pursuant to various collective bargaining agreements with local unions affiliated with the Service Employees International Union.

2.  Plaintiffs Mike Garcia, Charles Gilchrist, Raymond C. Nann and Larry T. Smith are all members of the Board of Trustees of the Trust ("Trustees"). Trustees are "fiduciaries" with respect to the Trust as defined in 3(21)(A) of Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of 3(16)(B)(iii) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii).

3.  The Trust and the Trustees are herein referred to as "Plaintiffs".

4.  Defendant Advance Building Maintenance, Inc., a California corporation, ("Defendant Advance"), is a plant and building maintenance and janitorial services business registered to do business in the State of California. Defendant Advance is principally engaged in the business of providing plant and building janitorial and maintenance services to its customers. The business of Defendant Advance affects commerce within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

5.  Defendant XL Hog, Inc., a California corporation, ("Defendant XL Hog"), is a plant and building maintenance and janitorial services business registered to do business in the State of California and doing business as ("dba") Advance Building Maintenance. Defendant XL Hog is principally engaged in the business of providing plant and building janitorial and maintenance services to its customers. The business of Defendant XL Hog affects commerce within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The initial capitalization of Defendant XL Hog was made by contribution of the assets of Defendant Advance, which were purchased by Defendant Nolin on or about November 3, 2008.

- 1 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1     6.     Defendant Forrest I. Nolin ("Defendant Nolin"), an individual, is, and at all

2  relevant times, was the sole shareholder and Chief Executive Officer of Defendant Advance and,

3  as such, is an insider.  Defendant Nolin is and at all relevant times was the sole shareholder of XL

4  Hog or controlling member of XL Hog and Chief Executive Officer of Defendant XL Hog and, as

5  such, is an insider.  At all relevant times, Defendant Nolin resided in the State of California and

6  still so does.

7                              **JURISDICTION**

8     7.     Jurisdiction exists in this Court over the claims asserted by the Plaintiffs by virtue

9  of ERISA Section 502, 29 U.S.C. § 1132, in that the Plaintiffs seek to enforce the provisions of

10  ERISA and the terms of their plans, seek to enjoin the acts and practices that violate ERISA, seek

11  equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

12     8.     Jurisdiction exists in this Court over all the claims by virtue of Section 301 of the

13  LMRA, 29 U.S.C. § 185, in that the Plaintiffs seek to enforce the terms and conditions of

14  collective bargaining agreements between the employer and a labor organization.

15     9.     To the extent jurisdiction over any claim does not exist under ERISA or the

16  LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 28 U.S.C. §

17  1367 in that they arise out of a common nucleus of operative facts that form the basis of the

18  federal claims asserted herein, each of which has a substantial ground in federal jurisdiction and it

19  would further judicial economy, convenience, fairness and comity to exercise jurisdiction over the

20  claims.

21                                **VENUE**

22     10.   Venue exists in this Court with respect to the claims under ERISA Section 502, 29

23  U.S.C. § 1132, because Plaintiff Trust conducts its business and may be found in this district, and

24  the breaches under ERISA  and under California law occurred in this district.  Venue exists in this

25  Court over the claims under California law under 28 U.S.C. § 1391(b) and (c).  Venue is also

26  proper under the doctrine of pendent venue because the claims under California law arose out of a

27  common nucleus of operative facts.

28
                                    - 2 -
                                              FOURTH AMENDED COMPLAINT
                                              CASE NO. C 06-03078 CW

**INTRADISTRICT ASSIGNMENT**

11.     The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where the Plaintiff Trust is administered, and where Defendant Advance therefore failed to fulfill its statutory and contractual obligations to the Trust.

**APPLICABLE STATUTORY LAW**

12.     Section 515 of ERISA, 29 U.S.C. § 1145, requires employers who are obligated to make contributions to a multiemployer plan do so in accordance with the terms of the collective bargaining agreements.

13.     ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of:

(i)     interest on the unpaid contributions, or

(ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954, 26 U.S.C. § 6621.

- 3 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1     14.     ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a civil action by the

2 Trustees as ERISA fiduciaries:

3     (A)     to enjoin any act or practice which violates any provision of this title or the

4     terms of the plan, or

5     (B)     to obtain other appropriate equitable relief

6     (i)     to redress such violations, or

7     (ii)     to enforce any provision of this title or the terms of the plan.

8     15.     Section 3439.04 of the California Civil Code provides, in part, that:

9     (a)     A transfer made or obligation incurred by a debtor is fraudulent as to a

10     creditor, whether the creditor's claim arose before or after the transfer was

11     made or the obligation was incurred, if the debtor made the transfer or

12     incurred the obligation as follows:

13     . . .

14     (2)     Without receiving a reasonably equivalent value in exchange for the

15     transfer or obligation, and the debtor either:

16     (A)     Was engaged or was about to engage in a business or a

17     transaction for which the remaining assets of the debtor were

18     unreasonably small in relation to the business or transaction.

19     (B)     Intended to incur, or believed or reasonably should have

20     believed that he or she would incur, debts beyond his or her

21     ability to pay as they became due.

22     . . . .

23     16.     Section 2224 of the California Civil Code provides that:

24     One who gains a thing by fraud, accident, mistake, undue influence, the violation of

25     a trust, or other wrongful act, is, unless he or she has some other and better right

26     thereto, an involuntary trustee of the thing gained, for the benefit of the person who

27     would otherwise have had it.

28     17.     Section 501 of the California Corporations Code provides that:

- 4 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1    Neither a corporation nor any of its subsidiaries shall make any distribution to the

2    corporation's shareholders (Section 166) if the corporation or the subsidiary making

3    the distribution is, or as a result thereof would be, likely to be unable to meet its

4    liabilities (except those whose payment is otherwise adequately provided for) as

5    they mature.

6                                   **STATEMENT OF FACTS**

7    18.    Based on information and belief, Plaintiffs allege the following facts:

8                                   **Delinquent Contributions**

9    19.    At all times relevant to this Complaint, Defendant Advance was a party and bound

10   by successive collective bargaining agreements (entitled "Maintenance Contractors Agreement"

11   referred to hereinafter as the "Bargaining Agreements") covering Defendant Advances's

12   employees.  The Bargaining Agreements require that Defendant Advance contribute to the Trust at

13   specified rates per month on behalf of its employees covered by the Bargaining Agreements,

14   unless specifically excepted by written agreement.

15   20.    As an employer participating in the Trust, the Defendant Advance agreed to be and

16   was bound by the Agreement and Declaration of Trust ("Trust Agreement") establishing the Trust,

17   the terms of the Trust's Plan Document, and the rules, regulations and policies adopted by the

18   Trustees under the authority of the Trust Agreement.

19   21.    At all relevant times, Article IV, Section 4 of the Trust Agreement required

20   contributing employers to submit monthly remittance reports of all covered hours of service by

21   persons covered by the Bargaining Agreements, along with contributions owed, to the Trust's

22   principal place of business on or before the 20th day of each month after the month in which the

23   covered work was performed.  At all relevant times, under Article IV, Section 5 of the Trust

24   Agreement, contributions received by the Trust after the 20th day of the month following the

25   month in which the covered work was performed were deemed delinquent.  At all relevant times,

26   Article IV, Section 6(b) of the Trust Agreement provided that an employer who fails to contribute

27   payment in full by the due date, at the agreed upon rate for each of its covered employees as

28   required under the Bargaining Agreements, was liable to the Trust for liquidated damages at 5% of

- 5 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1  the amount of the unpaid contributions owed, with a minimum of $50.00 and a maximum of

2  $800.00, for each month's unpaid contributions, as well as the amount of the unpaid contributions

3  themselves.  If contributions were unpaid at the time suit is filed, liquidated damages were due in

4  the amount equal to the greater of 20% of the amount of the unpaid contributions or an amount

5  equal to the interest due on the unpaid contributions.  At all relevant times, Article IV, Section

6  6(c) of the Trust Agreement provided that 10% simple interest per annum shall accrue on the

7  unpaid contributions from the due date until the contributions were paid in full and that if a lawsuit

8  is filed, interest shall accrue at the underpayment rate of the Internal Revenue Code Section 6621,

9  26 U.S.C. § 6621, from the date due until paid.

10     22.    At all relevant times, Article IV, Section 7 of the Trust Agreement required that the

11  Defendant Advance, upon written notice, provide for examination by an authorized Trust

12  representative such books and records as are necessary to determine whether Defendant Advance

13  had paid in full all sums owed to the Trust, to pay the above-described liquidated damages and

14  interest on any unpaid contributions found to be due and owing, and to reimburse the Trust for

15  costs incurred in conducting its examination of Defendant Advance's records, all as more fully set

16  forth in the Trust Agreement and incorporated into the Bargaining Agreements.

17     23.    Under Article IV, Section 7 of the Trust Agreement, an examination of Defendant

18  Advance's records was performed for the period January 1, 1999 through December 31, 2002.

19  The examination revealed Defendant Advance's nonpayment and underpayment of contributions

20  due and owing the Trust during the above audit period for certain of its employees.  As a result of

21  its breach of the Bargaining Agreements entered into between Local 1877 (formerly Local 399) of

22  the Service Employees International Union ("SEIU") and Defendant Advance and Trust

23  Agreement by which it is bound, Defendant Advance is liable to the Trust for certain of the

24  delinquent contributions found due and owing that are listed in the examination report, interest on

25  the unpaid contributions owed, an additional amount equal to the greater of the interest charged on

26  the unpaid contributions or the above-described liquidated damages, as well as costs, including

27  attorneys' fees and the costs incurred by the Trust in conducting its audit of Defendant Advance's

28  records.

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

24.     In addition to the delinquent contributions revealed in the examination described in paragraph 23 above, the Trust determined that Defendant Advance had underpaid contributions due the Trust on behalf of certain covered employees owed to account number 718, during the periods February 2000 through March 2002, and February through April 2003, respectively. Defendant Advance is therefore in breach of the Bargaining Agreements between Local 1877 (formerly Local 399) of the Service Employees International Union ("SEIU") and Defendant Advance and the Trust Agreement in effect during the above period, and is liable to Plaintiff Trust for payment of delinquent contributions, liquidated damages and interest.

25.     In addition, during the period August 2003 through December 2003, Defendant Advance failed to pay, in a timely manner, contributions due and owing the Trust, in breach of the Bargaining Agreement and Trust Agreement in effect during the above period.  Defendant Advance is therefore liable for liquidated damages and interest on the late paid contributions, calculated from the date the contributions became due until the date they were received by the Trust office.

26.     During the period January 2004 to the present, several demands have been made upon Defendant Advance for payment of the above-described delinquent contributions.

27.     Despite the several demands for payment of the above-described delinquent contributions set forth in paragraphs 23 through 25, Defendant Advance has refused and continues to refuse to pay the amounts owed.

28.     Under Article IV, Section 7 of the Trust Agreement, an examination of Defendant Advance's records was performed for the period January 1, 2003 through July 31, 2007.  The examination revealed Defendant Advance's nonpayment and underpayment of contributions due and owing the Trust during the above audit period for certain of its employees.  As a result of its breach of the Bargaining Agreements entered into between Local 1877 (formerly Local 399) of the Service Employees International Union ("SEIU") and Defendant Advance and Trust Agreement by which it is bound, Defendant Advance is liable to the Trust for certain of the delinquent contributions found due and owing that are listed in the examination report, interest on the unpaid contributions owed, an additional amount equal to the greater of the interest charged on the unpaid

- 7 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1    contributions or the above-described liquidated damages, as well as costs, including attorneys'

2    fees and the costs incurred by the Trust in conducting its audit of Defendant Advance's records.

3        29.     On or about November 15, 2007, a draft copy of the audit was sent to Defendant

4    Advance for its review and comment.

5        30.     On or about December 3, 2007, a demand was made upon Defendant Advance for

6    payment of the delinquent contributions based upon the above-described delinquent contributions

7    set forth in paragraph 28 above.

8        31.     Despite the demand for payment of the above-described delinquent contributions

9    set forth in paragraph 28, Defendant Advance has not paid the amounts owed.

10                              **Fraudulent And Illegal Transfers**

11       32.     During the period of April through July 2007, Defendant Advance paid down

12   $127,000 on a line of credit that Defendant Nolin had personally guaranteed.

13       33.     Defendant Advance Building Maintenance transferred $450,000 of Defendant

14   Advance's assets to Defendant Nolin in the form of a dividend distribution on or about June 14,

15   2007.

16       34.     Such payments and transfers to or for the benefit of Defendant Nolin during 2007

17   were improper and caused the Defendant Advance unable to pay its debts as they became due,

18   which thereby caused Defendant Advance to become insolvent.

19       35.     A request by Plaintiffs to the Board of Directors of Defendant Advance, which

20   consists solely of Defendant Nolin, to demand its sole shareholder, Defendant Nolin himself,

21   return all fraudulent and illegal distributions received would be futile.

22                   **Defendant XL Hog Is Successor of Defendant Advance**

23       36.     On or about January 9, 2008, Defendant Nolin filed a Receivership action in

24   California state court for the voluntary dissolution of Defendant Advance.

25       37.     On or about the same day, the state court appointed a Receiver to run the business

26   of Advance until the assets of Advance could be sold and the operations dissolved.

27       38.     The Receiver has reported that Defendant Nolin interfered with the sale of

28   Defendant Advance's assets to other potential buyers.

                                            - 8 -

                                                    FOURTH AMENDED COMPLAINT
                                                    CASE NO. C 06-03078 CW

P:\CLIENTS\CSEHT\Cases\ADVA2\Pleadings\4th Amnd Cmplt\4th Amend Comp.doc

39. On or about October 30, 2008, Defendant Nolin entered into a Letter Agreement with the Receiver to sell Defendant Nolin or an entity formed by him the assets of Defendant Advance.

40. The amount that Defendant Nolin paid for the assets of Defendant Advance was inadequate.

41. Defendant XL Hog was formed in November 2008 by Defendant Nolin.

42. The initial capitalization of Defendant XL Hog was made by the contribution of the assets purchased from Defendant Advance by Defendant Nolin.

43. At the time that Defendant Nolin formed and capitalized Defendant XL Hog by contribution of the assets purchased from Defendant Advance, Defendant Nolin was aware of the claim of Plaintiff Trust.

44. Defendant XL Hog, from its inception, has been operating under the "dba" Advance Building Maintenance.

45. Defendant Nolin intentionally interfered with the sale of Defendant Advance's assets to other potential buyers.

46. Defendant Nolin purchased the assets of Defendant Advance and capitalized Defendant XL Hog with the assets purchased from Defendant Advance in furtherance of his fraudulent scheme to evade liability for the claims of the Trust.

**FIRST CAUSE OF ACTION**
**Payment of Delinquent Contributions Under ERISA Sections 502(g)(2) and 515**

47. Plaintiffs re-allege and incorporate by reference paragraphs 1 – 46 above as though they were fully set forth herein.

48. Defendant Advance violated ERISA Section 515, 29 U.S.C. § 1145, by failing to timely make contributions during the period of January 1, 1999 through July 31, 2007 to the Trust in accordance with its obligation to do so under the terms of the Bargaining Agreements entered into between Local 1877 (formerly Local 399) of the Service Employees International Union ("SEIU") and Defendant Advance and the Trust Agreement.

- 9 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

49.     Therefore, Defendant Advance is liable for payment of delinquent contributions due and owing Plaintiff Trust, as well as for interest, liquidated damages, costs, attorneys' fees and accountants' fees as provided for under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), in an amount exceeding $750,000.

50.     Plaintiffs are without adequate remedy at law and the Bargained Plans will suffer continuing and irreparable injury, loss and damage unless Defendant Advance is ordered specifically to perform all obligations required on Defendant Advance's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, LMRA section 301, 29 U.S.C. § 185, the Bargaining Agreements, and the governing documents of the Plans referred to therein; is restrained from continuing to refuse to perform as required thereunder; and to pay all contributions, interest, liquidated damages, costs, attorneys' fees and accountants' fees determined to be due Plaintiff Trust.

## SECOND CAUSE OF ACTION
### Derivative Action For Constructive Fraudulent Transfer of Assets
### In Violation of Uniform Fraudulent Transfer Act,
### California Civil Code § 3439.04(a)(2)

51.     Plaintiffs re-allege and incorporate by reference paragraphs 1 – 50 above as though they were fully set forth herein.

52.     As a result of Defendant Advance's unlawful failure to pay the amounts owed to the Trust under the CBA, this lawsuit was filed seeking compensatory damages for delinquent contributions owed under ERISA Section 502(g)(2)(A),(B) and (C), 29 U.S.C. § 1132(g)(2)(A), (B) and (C).

53.     Plaintiff Trust in this action constitutes a "creditor" within the meaning of California Civil Code Sections 3439.01(c) and 3430.

54.     Defendant Advance and Defendant Nolin were aware that a staggering judgment could be rendered against Defendant Advance in this case for the cause of action for delinquent contributions, which would bankrupt Defendant Advance.

55.     Accordingly, on information and belief, Defendant Advance and Defendant Nolin jointly undertook to transfer substantial assets of Defendant Advance to or for the benefit of

- 10 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1   Defendant Nolin without Defendant Advance receiving a reasonably equivalent value in exchange

2   for the transfers with the intent to cause Defendant Advance to incur, or believed or reasonably

3   should have believed that Defendant Advance would incur, debts beyond its ability to pay as they

4   became due.  The transfers of substantial assets by Defendant Advance included: (1) the pay down

5   of its line of credit by $127,000 during April through July 2007 for the benefit of Defendant Nolin

6   who personally guaranteed the line of credit; and (2) a $450,000 dividend payment directly to

7   Defendant Nolin.

8                           **THIRD CAUSE OF ACTION**
                    **Derivative Action For Knowing Receipt of Illegal Dividends**
9                   **In Violation of California Corporations Code § 500, et seq.**

10          56.     Plaintiffs re-allege and incorporate by reference paragraphs 1 – 55 above as though

11   they were fully set forth herein.

12          57.     As a result of Defendant Advance's unlawful failure to pay the amounts owed to

13   the Trust under the CBA, this lawsuit was filed seeking compensatory damages for delinquent

14   contributions owed under ERISA Section 502(g)(2)(A),(B) and (C), 29 U.S.C. § 1132(g)(2)(A),

15   (B) and (C), which antedates the illegal dividend distribution alleged herein.

16          58.     Plaintiff Trust in this action constitutes a "creditor" within the meaning of

17   California Corporations Code Section 506(b).

18          59.     In violation of California Corporations Code Section 501, Defendant Advance

19   distributed a dividend of $450,000 on or about June 14, 2007 to Defendant Nolin which made

20   Defendant Advance likely to be unable to meet its liabilities as they matured.

21          60.     Defendant Nolin knowingly received illegal dividend distributions of $450,000.

22                          **FOURTH CAUSE OF ACTION**
                   **Successor Liability Against Defendant XL Hog, Inc.**
23                          **Under Federal Labor Law**

24          61.     Plaintiffs re-allege and incorporate by reference paragraphs 1 – 60 above as though

25   they were fully set forth herein.

26          62.     Defendant XL Hog is a mere continuation of Defendant Advance because:

27              (1)     XL Hog was initially capitalized with the assets purchased from Defendant

28                      Advance by Defendant Nolin with awareness of the claim of Plaintiff Trust,

- 11 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1     (2)  Defendant XL Hog had the same equitable owner, management, other

2         employees, equipment, customers, job sites and trade name after the transfer

3         of assets as Defendant Advance had before the transfer.

4   63.  Furthermore, Defendant Nolin purchased the assets of Defendant Advance and

5 capitalized Defendant XL Hog with the assets purchased from Defendant Advance with

6 knowledge of the liability of Defendant Advance for the claims of the Trust.

7   64.  Accordingly, Defendant XL Hog is the successor of Defendant Advance for the

8 purpose of the liability of Defendant Advance to Plaintiff Trust.

9           **FIFTH CAUSE OF ACTION**
     **For Imposition of a Constructive Trust Under California Civil Code § 2224**

10       **for Violation of California Civil Code § 3439.04(a)(2)**

11   65.  Plaintiffs re-allege and incorporate by reference paragraphs 1 – 64 above as though

12 they were fully set forth herein.

13   66.  As a result of Defendant Advance's unlawful failure to pay the amounts owed to

14 the Trust under the CBA, this lawsuit was filed seeking compensatory damages for delinquent

15 contributions owed under ERISA Section 502(g)(2)(A),(B) and (C), 29 U.S.C. § 1132(g)(2)(A),

16 (B) and (C).

17   67.  Defendant Advance and Defendant Nolin were aware that a staggering judgment

18 could be rendered against Defendant Advance in this case for the cause of action for delinquent

19 contributions, which would bankrupt Defendant Advance.

20   68.  Accordingly, on information and belief, Defendant Advance and Defendant Nolin

21 jointly committed constructive fraudulent transfers by transferring substantial assets of Defendant

22 Advance to Defendant Nolin in violation of the California Uniform Fraudulent Transfer Act, Civil

23 Code Section 3439.04(a)(2).

24           **SIXTH CAUSE OF ACTION**
     **For Fraudulent Transfer of Assets in Furtherance of Violations**

25     **of the Obligation to Contribute Under ERISA Sections 502 And 515**

26   69.  Plaintiffs re-allege and incorporate by reference paragraphs 1 – 68 above as though

27 they were fully set forth herein.

28

- 12 -

FOURTH AMENDED COMPLAINT<br>CASE NO. C 06-03078 CW

70.     A fiduciary under ERISA may bring a civil action under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), "to enjoin any act or practice which violates any provision" of Title I of ERISA "or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

71.     To remedy violations of the duty to make required contributions under ERISA Section 515, 29 U.S.C. § 1145, a court may award, under ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), "such other equitable relief as the court deems appropriate."

72.     Defendant Advance violated ERISA Section 515, 29 U.S.C. § 1145, by failing to make contractually required benefit contributions on behalf of its employees to Plaintiff Trust on a widespread basis.

73.     Defendant Nolin was at all times relevant chief executive officer, chairman of and sole member of the Board of Directors and sole shareholder of Defendant Advance with control over its management decisions.  Defendant Nolin, in furtherance of the effort of Defendant Advance to avoid making the required employee benefit contributions to Plaintiff Trust, caused Defendant Advance to transfer assets in the form of an extraordinary dividend of $450,000 and $127,000 pay down on a line of credit that Nolin personally guaranteed, in an effort in hinder delay or defraud Plaintiff Trust, its creditor, which rendered Defendant Advance unable to remedy its violations of the duty to make required benefit contributions under ERISA Section 515, 29 U.S.C. § 1145.  Defendant Nolin caused Defendant Advance to improperly transfer $577,000 of Defendant Advance's assets to himself or for his benefit in 2007, in the form of an extraordinary dividend of $450,000 and $127,000 pay down on the line of credit he personally guaranteed, after the Trust had made demands for payment of the delinquent employee benefit contributions and after the original complaint for delinquent contributions had already been filed in this action. Defendant Advance did not receive reasonably equivalent value in exchange.  The improper transfers to or for the benefit of Defendant Nolin caused Defendant Advance to be unable to pay its debts as they became due, including the debt owed Plaintiff Trust, which thereby caused Defendant Advance to become insolvent.

- 13 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1   74.   Plaintiff Trust will suffer irreparable injury if the Court does not enjoin (1)

2   Defendant Nolin to return to Defendant Advance the improper dividends and other transfers

3   without reasonably equivalent value occurring up to the present and (2) Defendant Advance and

4   Defendant Nolin to refrain from such improper acts in the future.   Plaintiffs have no adequate

5   remedy at law.

6                               **PRAYER FOR RELIEF**

7       WHEREFORE, Plaintiffs pray as follows:

8   1.   On the First Cause of Action for judgment for delinquent contributions against

9   Defendant Advance, in favor of the Trust, in an amount equal to:

10          (a)   Any unpaid contributions due, according to proof, on behalf of its covered

11                employees during the period January 1999 through July 2007, under ERISA

12                Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), and the Bargaining

13                Agreements.

14          (b)   Interest on any unpaid contributions at the rates set in accordance with the

15                Bargaining Agreements, the governing documents of the Bargained Plans,

16                and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(B), 29

17                U.S.C. § 1132(g)(2)(B).

18          (c)   Liquidated damages in an amount equal to the greater of

19                (i)    Interest on the unpaid contributions, or

20                (ii)   Liquidated damages provided for under the Bargaining Agreements

21                       on the aforementioned unpaid contributions in accordance with the

22                       Bargaining Agreements, the governing documents of the Bargained

23                       Plans and with respect to the ERISA Plaintiffs, ERISA Section

24                       502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C).

25          (d)   Reimbursement of Plaintiff Trust's expenses related to the audit of

26                Defendant's records for the period January 1, 1999 through December 31,

27                2002;

28

- 14 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1          (e)     Reimbursement of Plaintiff Trust's expenses related to the audit of

2                 Defendant's records for the period January 1, 2003 through July 31, 2007;

3          (f)     Liquidated damages and interest at the rates set in accordance with the

4                 Bargaining Agreements and the governing documents of the Bargained

5                 Plans for the period August 2003 through December 2003 on contributions

6                 paid late to the Plaintiff Trust.

7     2.     On the First Cause of Action, Plaintiffs' reasonable attorneys' fees and costs of this

8 action in accordance with ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); reasonable

9 attorneys' fees and costs of this action in accordance with ERISA Section 502(g)(1), 29 U.S.C. §

10 1132(g)(1); reasonable attorney's fees and costs in accordance with the collective bargaining

11 agreement for all Plans, and in accordance with LMRA Section 301, 29 U.S.C. § 185, for all

12 Plaintiffs.

13     3.     On the First Cause of Action for a preliminary and permanent injunction under

14 ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), and under ERISA Section 502(g)(2)(E), 29

15 U.S.C. § 1132(g)(2)(E), against Defendant Advance from violating the terms of the Bargaining

16 Agreements and the governing documents referred to therein, from disposing of any assets until

17 said terms have been complied.

18     4.     On the Second Cause of Action, pursuant to California Civil Code Section 3439.07:

19          (a)     an order against Defendants Advance and Nolin canceling the improper

20                 transfers by Defendant Advance to Defendant Nolin and requiring

21                 Defendant Nolin to return the assets improperly transferred, to be returned

22                 for the benefit of Defendant Advance's creditors;

23          (b)     a preliminary and permanent injunction against Defendant Advance

24                 prohibiting any further transfer of assets by Defendant Advance to

25                 Defendant Nolin above the amount of his ordinary salary until Plaintiffs are

26                 paid in full;

27          (c)     a preliminary and permanent injunction against Defendant Nolin prohibiting

28                 him from transferring any of his material assets without approval of the

- 15 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1    Court until the amounts fraudulently transferred are returned by Defendant

2    Nolin to Advance;

3        (d)    interest on the improperly transferred assets;

4        (e)    reasonable attorneys' fees under California Code of Civil Procedure Section

5    685.040 and under ERISA Section 502(g)(1) and (2), 29 U.S.C. §§

6    1132(g)(1) and (2);

7        (f)    punitive damages allowable under California Civil Section 3294;

8        (g)    costs of suit; and

9        (h)    any other relief the circumstances may require.

10   5.     On the Second Cause of Action issuance of a writ of attachment pursuant to

11   California Code of Civil Procedure §§ 481.010 through 493.060 against Defendants Advance and

12   Nolin for amounts sought in the First Cause of Action for payment of delinquent contributions

13   under ERISA sections 502(g)(2) and 515 for failing to timely make contributions during the

14   period of January 1, 1999 through July 31, 2007 to the Trust in accordance with its obligation to

15   do so under the terms of the Bargaining Agreements entered into between Local 1877 (formerly

16   Local 399) of the Service Employees International Union ("SEIU") and Defendant Advance and

17   the Trust Agreement, as prayed for in paragraph 1 of the Prayer for Relief.

18   6.     On the Third Cause of Action a finding that the $450,000 dividend paid by

19   Defendant Advance on or about June 14, 2007 to Defendant Nolin was illegal under California

20   Corporations Code Section 501 and that Defendant Nolin received such dividends knowing that

21   said dividends were illegal.

22   7.     On the Third Cause of Action pursuant to California Corporations Code Section

23   506, Plaintiffs seek:

24       (a)    an order against Defendant Advance and Defendant Nolin canceling the

25   illegal dividend distributions by Defendant Advance to Defendant Nolin

26   and requiring Defendant Nolin to return the illegal dividend;

27       (b)    interest on the illegal dividends; and

28       (c)    reasonable costs.

- 16 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

8.      On the Third Cause of Action issuance of a writ of attachment pursuant to California Code of Civil Procedure §§ 481.010 through 493.060 against Defendants Advance and Nolin for amounts sought in the First Cause of Action for payment of delinquent contributions under ERISA sections 502(g)(2) and 515 for failing to timely make contributions during the period of January 1, 1999 through July 31, 2007 to the Trust in accordance with its obligation to do so under the terms of the Bargaining Agreements entered into between Local 1877 (formerly Local 399) of the Service Employees International Union ("SEIU") and Defendant Advance and the Trust Agreement, as prayed for in paragraph 1 of the Prayer for Relief.

9.      On the Fourth Cause of Action for successor liability, an order that:

(a)      finds Defendant XL Hog a successor of Defendant Advance, jointly and severally liable to Plaintiff Trust to the same extent as Defendant Advance;

(b)      enjoins Defendant XL Hog and Defendant Nolin from transferring any material assets of XL Hog without the approval of the Court;

(c)      enjoins Defendant Nolin from creating or operating any further entities which provide janitorial or building maintenance services to the current or former clients of Defendant XL Hog and/or Defendant Advance without approval of the Court;

(d)      awards to Plaintiff Trust prejudgment interest; and

(e)      awards to Plaintiff Trust its reasonable attorneys' fees and costs under 29 U.S.C. Section 1132(g).

10.      On the Fourth Cause of Action issuance of a writ of attachment pursuant to California Code of Civil Procedure §§ 481.010 through 493.060 against Defendant XL Hog for amounts sought in the First Cause of Action for payment of delinquent contributions under ERISA sections 502(g)(2) and 515 for failing to timely make contributions during the period of January 1, 1999 through July 31, 2007 to the Trust in accordance with its obligation to do so under the terms of the Bargaining Agreements entered into between Local 1877 (formerly Local 399) of the Service Employees International Union ("SEIU") and Defendant Advance and the Trust Agreement, as prayed for in paragraph 1 of the Prayer for Relief.

- 17 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1    11.    On the Fifth Cause of Action, a finding that both Defendant Advance and

2  Defendant Nolin caused Defendant Advance to fraudulently transfer to or for the benefit of

3  Defendant Nolin assets of Defendant Advance of $577,000 in the form of an extraordinary

4  dividend of $450,000 and $127,000 pay down on a line of credit that Nolin personally guaranteed

5  in violation of California Civil Code Section 3439.04(a)(2).

6    12.    On the Fifth Cause of Action, an order, pursuant to California Civil Code Section

7  2224, imposing a Constructive Trust in favor of and for the benefit of Plaintiff Trust over:

8          (a)    the assets fraudulently transferred from Defendant Advance to Defendant

9                 Nolin in violation California Civil Code Section 3439.04(a)(2);

10         (b)    the illegal dividends transferred from Defendant Advance to Defendant

11                Nolin in violation California Corporations Code Section 501;

12         (c)    a preliminary and permanent injunction against Defendant Advance

13                prohibiting any further transfer of assets by Defendant Advance to

14                Defendant Nolin above the amount of his ordinary salary until Plaintiffs are

15                paid in full;

16         (d)    a preliminary and permanent injunction against Defendant Nolin enjoining

17                him from withdrawing funds from his personal Morgan Stanley account

18                until Plaintiffs are paid in full;

19         (e)    interest on the improperly transferred assets;

20         (f)    reasonable attorney's fees under California Code of Civil Procedure Section

21                685.040 and under ERISA Section 502(g)(1) and (2), 29 U.S.C. §§

22                1132(g)(1) and (2); and

23         (g)    costs of suit.

24    13.    On the Fifth Cause of Action issuance of a writ of attachment pursuant to

25  California Code of Civil Procedure §§ 481.010 through 493.060 against Defendants Advance and

26  Nolin for amounts sought in the First Cause of Action for payment of delinquent contributions

27  under ERISA sections 502(g)(2) and 515 for failing to timely make contributions during the

28  period of January 1, 1999 through July 31, 2007 to the Trust in accordance with its obligation to

- 18 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1   do so under the terms of the Bargaining Agreements entered into between Local 1877 (formerly

2   Local 399) of the Service Employees International Union ("SEIU") and Defendant Advance and

3   the Trust Agreement, as prayed for in paragraph 1 of the Prayer for Relief.

4          14.     On the Sixth Cause of Action pursuant to the Court's equitable power under ERISA

5   Section 502(a)(3), 29 U.S.C. § 1132(a)(3), and under ERISA Section 502(g)(2)(E), 29 U.S.C. §

6   1132(g)(2)(E),:

7                  (a)     an order against Defendants Advance and Nolin finding the $450,000

8                          dividend and $127,000 pay down on the line of credit to be improper

9                          transfers from Defendant Advance to Defendant Nolin and ordering

10                          Defendant Nolin pay any amounts found to be improperly transferred to

11                          him to be paid directly to Plaintiff Trust;

12                  (b)     a preliminary and permanent injunction against Defendant Advance

13                          prohibiting any further transfer of assets by Defendant Advance to

14                          Defendant Nolin above the amount of his ordinary salary until Plaintiffs are

15                          paid in full;

16                  (c)     a preliminary and permanent injunction against Defendant Nolin prohibiting

17                          him from transferring any of his material assets without approval of the

18                          Court until the amounts fraudulently transferred are returned by Defendant

19                          Nolin to Advance;

20                  (d)     interest on the improperly transferred assets; and

21                  (e)     any other relief the circumstances may require.

22          15.     On the Sixth Cause of Action for an order pursuant to the Court's equitable power

23   under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), and under ERISA Section 502(g)(2)(E),

24   29 U.S.C. § 1132(g)(2)(E), creating a constructive trust over the improperly transferred assets of

25   Defendant Advance directing Defendant Nolin to return to Defendant Advance all illegal and

26   fraudulently transferred $577,000 to or for the benefit of Defendant Nolin, in the form of a

27   $450,000 dividend distribution and $127,000 pay down on the line of credit, in furtherance of said

28   violations of the obligation to contribute under ERISA Section 515, 29 U.S.C. § 1145, an award of

- 19 -

FOURTH AMENDED COMPLAINT
CASE NO. C 06-03078 CW

1  reasonable attorneys' fees and costs as allowed under ERISA Section 502(g)(1), 29 U.S.C. §

2  1132(g)(1),.and an order instructing Nolin to refrain from such conduct in the future until the

3  liability of Defendant Advance to Plaintiff Trust is satisfied either directly by Advance or Nolin or

4  by XL Hog as successor to Advance.

5          16.     On the Sixth Cause of Action issuance of a writ of attachment pursuant to

6  California Code of Civil Procedure §§ 481.010 through 493.060 against Defendants Advance and

7  Nolin for amounts sought in the First Cause of Action for payment of delinquent contributions

8  under ERISA sections 502(g)(2) and 515 for failing to timely make contributions during the

9  period of January 1, 1999 through July 31, 2007 to the Trust in accordance with its obligation to

10 do so under the terms of the Bargaining Agreements entered into between Local 1877 (formerly

11 Local 399) of the Service Employees International Union ("SEIU") and Defendant Advance and

12 the Trust Agreement, as prayed for in paragraph 1 of the Prayer for Relief.

13         17.     That the Court retain jurisdiction of this case pending compliance with its orders.

14         18.     For such other and further relief as the Court may deem just and proper.

15 Date: _____, 2010              SALTZMAN & JOHNSON LAW CORPORATION
                                            Philip M. Miller
16                                          Kristen McCulloch

17

18                                          By: _____
                                                Philip M. Miller,
19                                              Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

                                    - 20 -
                                            FOURTH AMENDED COMPLAINT
                                            CASE NO. C 06-03078 CW